Hemphill, Ch. J.
The principal question involved in this cause is whether the deed, mortgage, and promissory notes are all to be considered as parts of the same transaction, and what is the legal effect of their being so considered.
That they were all executed simultaneously is clearly established by tlie evidence. The deed and mortgage are expressly stated to have been executed at one and the same time, and as part and parcel of tlie same, transaction. That the promissory notes were also given at the same time is obvious. The mortgage is based upon the notes, and they are proven to have been tlie consideration of the sale, and it is so slated in tlie mortgage. Now, it is a well-established principle that two deeds or writings executed at tlie same time between the same parties and in reference to • the same subject-matter are to *91 he taken as parts o£ the same contract and as formina: one entire agreement. (2 Bibb R., 610; 4 Mass. R., 569; 4 Phillips Ev., 1421; 15 Johns. R., 457; 3 Wend. R., 233.)
A familiar instance of fclie principle is that of a deed of defeasance which is said to form with the principal deed but oiie contract although it be by a distinct and separate instrument.
Mr. Justice Spencer thus illustrates the rule in the case of a mortgage by a separate instrument for the purchase-money at the execution of the conveyance : ‘‘The substance of a conveyance where land is mortgaged at the same time the deed is given is this: the bargainor sells the'land to the bargainee on condition that he pays the price at the stipulated time; and if lie does not, that the bargainor shall be rcseized of it free of the mortgage; and whether this contract is contained in one and the same instrument, as it well may be,.or in distinct instruments executed at the same instant can make no possible difference.”
He proceeds further to state that Courts of Equity have relieved the mortgagor against the accident of non-payment at the stipulated period; and that courts of law have considered the interest of the mortgagor as liable to be sold on execution. But this does not interfere with the question how the contract between the parlies is to be viewed with reference to themselves when the equity of redemption is gone and forfeited. This course of decision in New York-is the more important as it has long been the settled law of that State that a mortgage is a mere security for mouey, and the mortgagor is deemed seized of the fee as to all persons except the mortgagee and his representative. (See dissenting opinion of Thompson, Ch. J., in same case, i5 Johns. B., 404.)
The seizin of the mortgagor in the case cited from 15 Johns. R., 404, and in 4Mass. R., 506, was held to bo transitory but for an instant: “that lie took an absolute estate in fee and instantaneously rendered back a conditional one in fee.”
The deed and the mortgage are to be considered as but parts of one assurance, and tlie vendor consequently retained the power of selling the lands on default of payment of the purchase-money. He conveyed the land to the trustee for the use and benefit of the defendants, but with an exception or reservation in his own favor.
The powers of a trustee over trust property need not be discussed. That his mortgage to secure the purchase-money given at the time of the conveyance to himself as trustee would be valid and binding on the property seems very clear. The whole should be regarded as one transaction, and tiie conditions of the mortgage be considered as incorporated in the conveyance. The legal estate might pass momentarily to the trustee, but would immediately revest in the vendor, with the condition, substantially, that it should be extinguished on the payment of the purchase-money. It might be contended, though it. lias not been argued, that in this aspect the vendor would hold the property affected by the trust. This might in a certain sense be conceded, but the trust could become effectual and operative in the cestui que trusts only by the. payment, of the purchase-money. This condition entered into its creation, and is an essential clement of the trust. Until payment, the vendor lias the best right, the superior title. If the contract were executory on default of payment-, ho might consider the purchase abandoned, and treat and hold the property as his own and as possessing the entire interest. If the contract were executed, he would have a lien for the purchase-money without a mortgage, but with that executed simultaneously with the deed he would in effect hold the estate in his previous right, subject to be divested on payment, and with such relief to the vendee as may be afforded under the special terms of their contractor under Judicial proceedings instituted to foreclose the mortgage. In this case the vendor was empowered to sell the land in satisfaction of the debt. This power lie might legally reserve to himself, tho.ugh under the circumstances a Judicial foreclosure'would have been more advisable. It would at least have saved the necessity of this suit.
*92 Were it conceded that the defendants, even after the sale under the power, liad any equitable interest in the property, yet it could be sustained' and perfected only by payment of the stipulated price. They have not claimed any such interest in their answer. They have not attempted to make any such right available by offering payment of the purchase-money. They do notpromise performance of the indispensable condition, upon which .alone any interest they might claim in the property could be sustained. Had they made such claim and oiler they would have deserved and received the most serious consideration.
The special grounds of exception, that the proper parties are not made to the suit, cannot be sustained. The only parties who can claim any interest under the conveyance are made parties.. The husband of the defendant Elizabeth or his representative is not a necessary party to this suit. Had the land been paid for, or had title vested according to the contract, his creditors, if any, might have instituted an inquiry to ascertain from what source the purchase-fund was derived. But such inquiry is not material to the purposes of this suit, and no end could bo attained by making him a codefeudant.
Another special ground of demurrer is that the land was purchased (at the sale under the power) for the benefit of the plaintiff, and that he liad no right to purchase, directly or indirectly; and.the land is shown to have been sold for mnch less than the original consideration.
That a trustee cannot be the purchaser of a trust estate without leave of the court is an established rule in equity. A mortgagee is a trustee, but in a qualified sense. He does not hold for the benefit of others, but for himself. He is a cestui que trust as well as trustee. He has an interest in the property. It is pledged expressly to secure his claim; and were he deprived of the power to purchase he might suffer great loss by its sale at a low price. He lias an interest ttiat the bid shall amount to his incumbrance, and that the property be not 'sacrificed to the injury as well of the mortgagor as the defeat of his own claim, as this may be the only fund for the discharge of his debt. Sales at foreclosures, whether under a power or by decree, are open and public and are made afier long notice; and it is to the interest of the mortgagor that the mortgagee should enter into tiie competition at the sale.
In "Bergen v. Burnett (1 Caines’ Cases in Error) Justice Kent intimated a doubt whether the rule that a trustee could not purchase at a sale of the trust property would apply to the case of a trustee who was also a cestui que trust.
In Slee v. The Manhattan Company it is said by one of the judges that the trust under a mortgage has never been held to create an incapacity in the mortgagee to become a purchaser; and that where the sale was fair and.in good faith the case has not occurred wherein the mortgagor has succeeded in setting aside the sale; that the greater part of the purchases under such powers of sale are and always have been made for the mortgagee. (10 Johns. R., 185.)
Hilliard, in Ills Treatise on Real property, states the rule to be that if upon a sale under a power the mortgagee himself purchases, the sale is voidable in equity for good grounds, though not absolutely void.
The sale in this case appears to have been made fairly and in good faith. The land having been advertised for sixty days was sold at public outcry. The bid by Claiborne was the highest and best bid, and more than any one else would offer for the premises. Ho circumstance indicates unfairness, fraud, or an attempt to stifle competition, so as to secure the land at a price below its value; and we are of opinion that the bid for the mortgagee was valid, and that lii.s right under the sale cannot be impeached. (Erskine w. LeBaum, 3 Tex. R.)
Another ground of exception to the petition is that it showed no cause of action, inasmuch as it was averred by the plaintiff that there was neither legal nor equitable tide in the defendants.
The object of the suit is not to divest the defendants of rights; it is for the pui-pose of quieting the plaintiff’s title, and presupposes its validity, but that lie is disquieted and his title disturbed by the alleged vmconscicntious claims and pretensions of the defendants. His purpose is to have those claims *93 judicially declared to be unfounded. Had the defendants disclaimed any title to the property, or any such pretensions as are ascribed to them, the. plaintiff would have had no cause of action, and the petition should have been dismissed.
Note 26.—Estes v. Browning, 11 T., 237; Edwards v. Atkinson, 14 T., 373; Robertson v. Paul, 10 T., 472; Hill v. Still, 19 T., 76; Secrest v. Jones, 21 T., 121; Scarborough v. Arrant, 25 T., 129; Baker v. Ramey, 27 T., 52; Lovejoy v. Roberts, 35 T., 605; Rogers v. Green, 35 T., 730. lie who asks a rescisión of a sale of land where he has secured a large portion of the purchase-money, is subject to the maxim that he who asks equity must do equity; he must have offered to restore the consideration-money which he had received. (Roeder v. Robson, 20 T., 754; Thomas v. Beaton, 25 T. Supp., 318; Roberts v. Lovejoy, 25 T. Supp., 437; Harris v. Catlin, 37 T., 581.) The vendor in an executory contract for sale of land should tender a deed «and make demand of the purchase-money before bringing suit against his vendee for the land. (Gregg v. English, 3S T., 139.)
Note 27.—Goodgame v. Rushing, 35 T., 722.)
Note 28.—Gibson v. Fifer, 21 T., 260. Where several instruments relate to the same subject-matter they will be construed as one instrument. (Dunlap v. Wright, 11 T., 597; Eppinger v. McGreal, 31 T., 147; Taylor v. Hudgins, 42 T., 244.)
Upon the whole, wc see no error in the judgment, and.it is ordered that the , same be affirmed.
Judgment affirmed.