## JAMES T. EPPINGER v. PETER McGREAL ET AL.

Where a deed of conveyance, a mortgage to secure the purchase-money, and a power of attorney to locate and sell a tract of land, were all given about the same time, and were between the same parties, the three instruments will be construed as one contract.

Where a deed, a mortgage, and a power to sell, construed together, establish that the intention was to have the purchaser·locate and take possession of the land, and to purchase and pay for one-half of the land $4,500, and to secure this he executed a mortgage, but did not locate, (because another had already located it and obtained the grant,) did not enter into possession, and did not pay for the land, he cannot maintain an action for a specific performance to recover the land, or for any other relief after twenty years have elapsed.   The fair presumption then is, that he either could not or would not comply at the proper time.

ERROR from Smith.   The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The record in this case is immensely voluminous.   Many issues were presented in the pleadings and the able arguments of the counsel which were immaterial to the view taken by the court.   The discussions upon the Spanish law and the translations of some of the highest Spanish authorities would be exceedingly interesting, but as the court declined to consider the power of the father to sell the property after his conveyance for the benefit of his children, or the power of the grantee over the property held in trust for the children, this well-explored field has to be left in the shade.

*J. C. Robertson,* for plaintiff in error.

*Moore & Walker* and *S. P. Donley,* for defendant in error.

MORRILL, C. J.—On the 10th of September, 1832, in the city of Mexico, Colonel Don Tomas Quevado, by a notarial act, conveyed to José Maria Rudicindo Willis Powell, a native of the city, and a minor son of Willis J. Powell,

seven and one-half leagues of land, providing in the deed of conveyance that until the grantee arrives at maturity he gives to the father the power and authority necessary and required by law; that by his authority or judicially, as it shall seem to him best, he may take and hold possession of said lands; and authorizing him to sell or alienate said lands or part of them, putting the sum given for them to such use as will be of service to his minor son, whether it be to give him an education, trade, or profession; and, besides, during his minority the fund must be employed for his benefit.

Afterwards, on the 14th January, 1833, in the same city, the same donor and grantor conveyed to Maria de Jesus Estilla, daughter of Willis J. Powell, three and a half leagues of land, by a deed similar in all respects and containing the same power to the father to sell the land, or part thereof, and to apply the proceeds to such use as may be of service to his minor daughter.

These two deeds were founded upon a grant of eleven leagues of land which the said Quevado owned, but which had not then been designated or applied to any particular tract of land. The eleven leagues of land were, in 1835, located in what was then the Nacogdoches district, and the titles to the land perfected by the proper authorities.

On the 8th November, 1837, Willis J. Powell, the father of the two children, conveyed to Simon Wiess, of Nacogdoches, one undivided half of the eleven leagues, reciting as a consideration $4,000 to him paid, and also referring to the deeds executed by Quevado to his children for his authority to make the conveyance. He, however, does not in the deed pretend to act as the agent or guardian, tutor or father, of the children, but in his individual capacity.

On the same day Wiess mortgaged to Powell the same land conveyed by Powell to him to secure the payment of the same amount that Wiess paid for the land, (viz, $4,000,)

payable so soon as Wiess should obtain quiet and peaceable possession of the land conveyed.

It may also be remarked, in passing, that on the day before the date of the deed and mortgage, viz, on the 7th November, 1837, Powell constituted Wiess his attorney or agent to locate the eleven-league grant and receive the title thereto in the name of the minors or of himself. In this power of attorney Powell purports to act as the tutor and father of the minors. But as the land had been located and titles obtained two years previously, by a person duly authorized so to do, which was unknown to Powell at the time, it is deemed unnecessary to have anything further to say about it.

The record further discloses that Wiess sold all his interest in the land to Eppinger, who, on the 19th April, 1858, instituted suit against the son and daughter of said Powell, who were then of full age and residing in the city of St. Louis, State of Missouri, for the purpose of recovering one-half of the eleven leagues of land, basing his claim upon the deed made by Powell on the 8th November, 1837. During the progress of the suit the present defendants became parties, as vendees of the Powell children.

The pleadings in the case at different times have appealed to the law and equity side of the court, and some issues have been raised which we think it unnecessary to notice in the disposition of the case. Among others, whether the clause inserted in the conveyance to the minor children, authorizing the father to sell, could be effectual to pass the title in a different country from the one in which it might be legal, where it was made, and where the authority to convey must be based upon a decree of a court.

We assume that the contracts between Powell and Wiess were legal, and shall confine ourselves to the effect of the deed and mortgage, and the actions of the parties consequent thereon.

It will be recollected that the deed purported to convey

to Wiess one undivided half of the eleven leagues of land, in consideration of the sum of $4,000. Simultaneously with the execution and delivery of this deed, the grantee thereof executed and delivered a mortgage deed to secure the same amount that was stated as the sum paid in consideration of the purchase-money. These two instruments having been executed at the same time, upon the same subject-matter, and by the same parties, are to be taken as one, the effect of which would be a contract on the part of Powell to sell to Wiess the land therein specified upon the payment of the purchase-money, the fee of the land having never vested in Wiess. (Howard v. Davis, 6 Tex., 174; Dunlap v. Wright, 11 Tex., 597.)

At the time this contract was made neither Powell nor Wiess knew whether the land had been located or not, and Wiess assumed to ascertain the location of the land, if the order of survey had been appropriated, and take possession of the same, and pay the sum of $4,000, when his title would vest *ab initio.* This is verified by the power of attorney given to Wiess to locate the land, and it is apparent that the time of taking possession of the land was mentioned as the time of payment of the $4,000, because no definite time could then be fixed when such should be acquired. The testimony in this case is conclusive that it was notorious in the vicinity of the land, that it was an eleven-league title, and we have no doubt but that the said Wiess was, or with proper diligence could have been, fully advised as to the boundaries of the land, and could have taken actual possession of it certainly as soon as 1845. Failing and neglecting to do this, and to make the required payment even up to the institution of this suit in 1858, a period of more than twenty years after the date of the contract, furnishes such a statement of facts as leaves no reason for coming to any other belief than that Wiess could not, or would not, comply with his part of the contract as a prerequisite for receiving the title to the land.

His pleadings in the case furnish a deliberate state-ment in verification of the inference we have thus drawn. The cases in the 6th and 11th Texas Reports, to which we have referred, were published long before this suit was instituted, and the facts in those cases are so nearly paral-lel with the facts of this case, that we might with propriety have declined to say anything further than to affirm the judgment for the reasons therein set forth. We have as-sumed as true that Powell had the right to make a con-tract affecting the property of his children without the authority of a proper tribunal, but would not be under-stood as so deciding.

All that is necessary for us to decide in this case is, to concur with the decisions of this court in the cases herein mentioned, and we cannot better say what is there said, and it is useless to repeat what has twice been stated by this court. The judgment is

AFFIRMED.