E. B. SCOTT v. T. W. MANN AND OTHERS.

1. A *cestui que trust* under a mortgage, who is also trustee of the power to sell, holds the power coupled with an interest, and may purchase the property at a sale otherwise fairly made ; and it makes no difference whether he makes the purchase himself or by his agent or attorney. (The Howards v. Davis, 6 Texas, 183, cited by the court.)

APPEAL from Dallas. Tried below before the Hon. A. B. Norton.

The opinion gives a clear statement of the material facts.

*J. K. P. Record*, for the appellant.

*J. J. Good*, for the appellees.—Whatever doubt there may be at common law, the principle is well settled in equity that the purchase of property by an agent or trustee for its sale, either directly or indirectly, or for the benefit of another person, is fraudulent and absolutely void. This principle extends to every character of agency and trust. In support of it, we refer to the opinions of Chancellor Kent in Davoue v. Fanning, 2 John. Chan. R., 252 to

Argument for the appellees.

273, and Justice Wayne in Michoud *et al.* v. Girod *et al.*, 4 How. U. S. R., 503–567. These are copious, exhaustive of the authorities, and decisive of the point. We refer also to Shannon v. Meredith, 14 Tex., 217 ; Pridgen v. Alford, 25 Tex., 388 ; Justice Mason, in New York Insurance Company v. National Protection Insurance Company, 20 Barb., 270 ; Justice Davis, in Cumberland Coal Company v. Sherman, 30 Barb., 553 ; Justice Benson, in Munro v. Allain, 2 Caine's Cases in Error, 183 ; Lord Jeffrey, in Taylor v. Watson, decided in Scotland, January 20, 1846 ; Lord Cranworth, in Aberdeen Railway Company v. Bleaikie, 1 McQueen, 461; Story's Agency, § 211; Story's Eq. Jurisp., §§ 322 and 322*a*.; 1 Pars. Contracts, 86 and 87 ; Sayles's Treatise, § 172.

The only authority I have been able to find contra is Chief Justice Hemphill in Howard v. Davis, 6 Texas, 174, and authorities therein referred to. This admits the general rule, but holds that the right of a mortgagee, under a power to purchase at his own sale made for the purchase money, is an exception to it. In support of this position, he refers to Burgen v. Burnett, 1 Caine's Cases in Error ; Slee v. Manhattan Co., 10 John. R., 185 ; Hilliard on Real Property, and Erskin v. De la Baum, 3 Texas, 406.

The point seems not to have been discussed in the briefs of counsel, and with due deference to the legal ability of this most eminent jurist, I must be excused for questioning its correctness.

I have not access to Bergen v. Burnett and Slee v. Manhattan Co., and can only say if such is their purport they have not been regarded as authority by the courts of law or equity in New York where delivered. Such purchases were not common law exceptions then, but have been made exceptions by statute. (2 N. Y. Rev. Stat., 546 ; Statutes of 1842, chap. 247, § 8.)

I will here remark *en passant* that the same is the case in Maine, Michigan and South Carolina, and are an evidence that such purchases are not common law exceptions.

Mr. Hilliard, in his treatise on Real Property, vol. 1, p. 403, § 53, does lay down the rule mentioned by Judge Hemphill, but it is merely the opinion of the author, refers to no adjudicated cases; is contrary to the decisions of his own State in Howard v. Arms, 3 Met., 311; Shelton v. Homer, 5 Met., 462–467; Middlesex v. Minot, 4 Met., 325; also Rowe 2 Cal., 387, and Downs v. Glazebroch, 3 Met., 200.

The same author, vol. 2, p. 434, § 14, Real Property, says purchasers of trust property by trustees, or *quasi* trustees, are constructive frauds, which furnish sufficient grounds for setting aside their deeds. From the weight of authority in support of the latter position there can be no doubt of its correctness.

The case of Erskin v. De la Baum is not a case in point. It simply held that a private purchase by the administrator from an heir of the succession, was valid under the laws of the Republic in force June 1, 1844.

The cases relied upon by Mr. Chief Justice Lipscomb, in support even of this position, are of doubtful authority. In Stallings and wife v. Foreman, 2 Hill Chan. R., 405, the court held that an administrator selling under an order of the ordinary, could purchase personal property, if he sold fairly and paid a full price, and that this was an exception to the rule that a trustee to sell cannot purchase. The exception, it will be seen, is to the purchase of personal property only, and its application to purchases of real property carries the principle beyond any adjudicated authority.

It is worthy of remark that there had been much vacillation in the courts of equity of South Carolina upon this point until the case of Stallings and wife v. Foreman, and even then it was not settled in that State until done by legislative enactment. (Huger v. Huger, 9 Rich. Eq. R., 217, 224 and 225.)

The opinion of Lord Brougham in Hunter v. Atchins, also relied on, is referred to by Mr. Story (1 Eq. Jurisp., § 310) in support of the general rule. If contrary to it, it conflicts with

the opinion of the most eminent English chancellors in well adjudged cases decided before and since. (See cases referred to in Davoue v. Fanning and Michoud et al. v. Girod et al.)

In addition to this, the reasoning of Mr. Chief Justice Hemphill in Howards v. Davis, seems to be at fault. He says the mortgagee under a power to sell is only a trustee in a qualified sense, without showing the qualifications peculiar to such position which authorize his purchase. "That he has an interest in the property pledged expressly to secure his claim;" he has no interest whatever in the property, but a lien or security only for his debt. "And if deprived of the power to purchase he might suffer great loss by sale;" if permitted to purchase, the mortgagor might suffer great loss, as he is responsible for the deficit after sale, and has an interest in the surplus.

The idea that the trustee for sale is the only party interested, or that his qualification is such as to authorize his purchase, is unsupported by authority.

WALKER, J.—This is an action of trespass to try title.

The appellee Mann, and J. G. & J. C. McConnell, on the third day of July, 1866, made and delivered their two certain promissory notes to Roy B. Scott, in the sum of $697 78, specie, giving to Scott in security a deed of trust on the land in controversy, with a power to sell. The notes were not paid at maturity, and the attorneys of Scott, Guess & Record, caused the land to be sold, and Record, one of Scott's attorneys, purchased the land for Scott. Scott stands then in the triple relation of mortgagee, trustee, and purchaser of the mortgaged premises.

Were this the first time this question had come before the Supreme Court of the State, we confess we should very strongly incline to follow the authorities cited in the very able brief of the appellee, for indeed they appear to us, both in England and in the United States, to be almost overwhelming. But a distinction has

been drawn by those very able jurists, who so long adorned this bench, and whose memories are and will be revered by the profession—Hemphill, Wheeler and Lipscomb.

In Howards v. Davis, 6 Texas Reports, 183, Hemphill, Chief Justice, says : "That a trustee cannot be the purchaser of a trust estate, without leave of the court, is an established rule in equity. A mortgagee is a trustee, but in a qualified sense. He does not hold for the benefit of others, but for himself. He is a *cestui que trust*, as well as trustee. He has an interest in the property. It is pledged expressly to secure his claims ; and were he deprived of the power to purchase, he might suffer great loss by its sale at a low price. He has an interest that the bid shall amount to his incumbrance, and that the property be not sacrificed to the injury as well of the mortgagor, as the defeat of his own claims ; as this may be the only fund for the discharge of his debt. Sales at foreclosures, whether under a power or by decree, are open and public, and are made after long notice ; and it is to the interest of the mortgagor that the mortgagee should enter into the competition at the sale."

The Chief Justice cites in support of his opinion in this case, Bergen v. Burnett, 1 Caines's Cases in Error. Justice Kent doubted whether the rule that a trustee could not purchase at a sale of the trust estate would apply to a trustee who was also the *cestui que trust* ; and the rule that the trust under a mortgage has never been held to incapacitate the mortgagee from purchasing at a sale of the mortgaged premises, was fully recognized in Slee v. The Manhattan Company, 10 Johnson R., 185.

In Robertson v. Paul, 16 Texas Reports, p. 474, in the very lucid opinion delivered by the learned Justice Wheeler, the same doctrine is recognized and applied, so far as was necessary in the case.

The case of Shannon v. Marmaduke, 14 Texas Reports, 220, is quoted and relied on by the counsel for appellee. But this case

differs very materially from the cases in 6 and 16 Texas, referred to. Shannon does not appear to have had any interest in the mortgage, and he sold contrary to the instructions and wishes of his principal, and under such circumstances as to warrant the presumption of fraud ; and the sale was very properly set aside, but in a manner in no way to infract the rule referred to and laid down in this case, that the *cestui que trust* under a mortgage, and who is also trustee of the power to sell, holds the power coupled with an interest, and may purchase the property at a sale otherwise fairly made, and will take a good title; and it makes no difference whether he purchases in his own proper person or by agent or attorney.

The judgment of the district court is reversed and the cause remanded.

Reversed and remanded.