## W. H. Marsh et al. v. R. B. Hubbard.

Trust sale—Trustee may purchase equity of redemption—Limitation.—Land was conveyed in trust by the maker to his security on a note to secure the beneficiary against loss, and authorizing sale on the maker failing to pay at maturity : *Held*—

1. On maturity, and the maker failing to pay, the trustee had the power to sell.

2. He also was authorized to buy at his own sale, and his deed as trustee to himself as purchaser passed the legal title.

3. Where the sale was otherwise regularly made, a party in possession of the land and purchasing at an execution sale the equity of redemption cannot take advantage of the fact that the surety so purchasing at his trust sale had not paid over to the holder of the note the amount of his bid at such sale.

4. Nor will the fact that at the institution of suit for the land by the purchaser under the trust sale and against the purchasers of the equity of redemption, the note, to secure which the land was conveyed in trust, was barred by limitation, avoid the title of plaintiff; such title being good at the time of the purchase at the trust sale.

Appeal from Smith.  Tried below before the Hon. M. H. Bonner.

January 15, 1877, R. B. Hubbard brought an action of trespass to try title in the ordinary form against W. H. Marsh

and A. A. Letchworth for a house and lot in the town of Tyler. The defendants pleaded not guilty, and, by amendment, set out the facts constituting the claim to title by both parties.

March 13, 1878, the cause was tried. The testimony was, in substance, as follows:

Willis Roberts is the common source of title. Hubbard derived title as follows: On the 30th of August, 1873, Willis Roberts, with R. B. Hubbard as his surety, made a note payable to J. H. Burnett & Co. for $5,375.63, due the 1st of January, 1874. Roberts, to secure Hubbard against loss, gave him a deed of trust on the land in controversy, with power of sale, to be executed if Roberts did not pay said note at maturity, "whenever demand should be made on him (Hubbard) by J. H. Burnett & Co. for the payment of said note or any part thereof."

The note was not paid, and J. H. Burnett & Co. demanded payment of Hubbard after its maturity.

On the first Tuesday in September, 1876, Hubbard, in pursuance of the power, sold the land and purchased it himself for $1,300. He had not yet paid J. H. Burnett & Co. anything on the note. On the 5th of September, 1876, he executed to himself a deed for the land, which was recorded 11th of January, 1877.

Marsh and Letchworth derived title through a deed from the sheriff of Smith county, made to them as purchasers of Willis Roberts' interest at a sale made by virtue of an execution issued on a Justice's Court judgment, against said Roberts, rendered in 1875.

The defendants were Roberts' tenants before said sale and have been in possession ever since.

The rental value was proved to be $12.50 per month.

Judgment was rendered for Hubbard for the lot sued for and $250 damages. Marsh and Letchworth appealed.

*Sawnie Robertson*, for appellants.

I. A purchaser at a trustee's sale made for cash is not

entitled to recover possession from the owner of the equity of redemption until the payment of the purchase-money.

In defendants' trial amendment it is alleged, substantially, that Willis Roberts and wife executed to R. B. Hubbard a deed of trust upon the land in controversy, to indemnify the said Hubbard as the surety of said Roberts upon a note due J. H. Burnett & Co; that the said Hubbard, without having paid anything upon the note, proceeded to foreclose the deed of trust, and at the sale became the purchaser for the sum of $1,300; that he never paid said sum, or any part thereof, either upon said note or to the said Roberts; and that defendants, subsequent to the execution of said deed of trust, but prior to the foreclosure thereof, became by purchase the owners of the equity of redemption in said property. The plaintiff's exceptions, filed to defendants' amended original answer, were urged against the said trial amendment, and were sustained by the court to the part referred to in both of said answers; to which ruling defendants excepted. (Wright *v.* Henderson, 12 Tex., 44; Gillian *v.* Henderson, 12 Tex., 48; James *v.* Jacques, 26 Tex., 320; Thruston *v.* Prentiss, 1 Mann., (Mich.,) 194; 2 Perry on Trusts, p. 167; Tankersley *v.* Anderson, 4 DeSaus., (S. C.,) 44; Mimms *v.* McDowell, 4 Ga., 182.)

II. The court erred in sustaining plaintiff's exceptions to defendants' plea of the statute of limitation of four years upon the note of Burnett & Co., against which, to indemnify the said plaintiff, the said mortgage to him was executed.

First proposition under the first assignment of errors: Any person whose property may be affected by the debt of another may plead the statute of limitations against that debt.

It was alleged in defendants' amended original answer that the debt due by Roberts and Hubbard to J. H. Burnett & Co. was barred by statute of limitation of four years; and in their trial amendment they plead said statute as a bar to plaintiff's right to further incumber the property in controversy. Plain-

tiff excepted to this plea, and his exception was sustained by the court. (Ang. on Lim., p. 353, and note.)

III. The proof introduced by plaintiff, showing that he had never paid anything upon the note due J. H. Burnett & Co., defeated the plaintiff's right to recover under the other facts in evidence.

Willis Roberts was the common source of title. He gave plaintiff a mortgage upon the land in controversy to indemnify him as his (Roberts') surety upon a certain note referred to therein, and authorizing him to foreclose by sale for cash, and pay whatever he might be required to pay upon the note and the balance to Willis Roberts. Hubbard's deed as trustee to Hubbard as purchaser was introduced, bearing date September 5, 1876. J. H. Burnett testified that he (plaintiff) had paid nothing upon the note of which J. H. Burnett & Co. were the payees and holders. (Wright v. Henderson, 12 Tex., 44; Gillian v. Henderson, 12 Tex., 48; James v. Jacques, 26 Tex., 320; Thruston v. Prentiss, 1 Mann., (Mich.,) 194; 2 Perry on Trusts, p. 167; Tankersley v. Anderson, 4 DeSaus., (S. C.,) 44; Mimms v. McDowell, 4 Ga., 182.)

*Jones & Henry,* for appellee.—Hubbard's right to sell arose when payment of the note was demanded of him by the payee after its maturity. The object of the power was to enable him to raise the money by sale of the property to pay the note when he was compelled to do so. He was not required to pay the purchase-money to Roberts, the mortgagor and holder of the note, but to hold the same for his own protection and indemnity in case he was compelled to pay the note.

Roberts was the common source of title. To indemnify Hubbard for becoming surety on his note to J. H. Burnett & Co. in 1873, he gave Hubbard a deed, with power to sell this land if the note was not paid at maturity, January 1, 1874, to be executed whenever demand should be made on him to pay said note. The note was not paid at maturity, and demand was made on Hubbard to pay it. The land was sold

by Hubbard, after due notice, in pursuance of the power. Hubbard was the highest bidder for the land at the sale, and received a deed from himself as trustee to himself as purchaser. He has never paid the money, but is in no default. The object of the trust was to indemnify Hubbard and provide the means of doing it, by authorizing him to sell when payment was demanded of him; and having made the sale when payment was demanded, he was authorized to hold the proceeds of the sale, to be "applied to the payment of the amount said Hubbard may have to pay on account of said note," the overplus, if any, to be paid over to said Roberts and wife. Until he has paid something on the note he was not required to use the money, and then he would hold it for his own indemnity.

Defendants derive their title from a sale under an execution issued on a judgment of a justice of the peace against Willis Roberts, rendered in 1875. Their title is junior to the deed of trust.

*Reaves & Dodd,* also for appellee.

GOULD, ASSOCIATE JUSTICE.—This was an action of trespass to try title to a lot in the city of Tyler, the plaintiff Hubbard claiming as purchaser at a sale made by himself as trustee in a deed of trust from Willis Roberts and wife, and the defendants, Marsh and Letchworth, claiming as purchasers at a sale under execution against said Willis Roberts, made prior to the trust sale, but subsequent and subject to the prior lien of the trust deed.

Hubbard became security for Willis Roberts on his note for $5,375.63 to Burnett & Co., due January 1, 1874, and the deed of trust expresses that it is to be void if Roberts should pay the note at maturity, "saving said Hubbard harmless as against any claim against him on said note"; "but if said Roberts, his heirs or assigns, shall fail to pay off the whole of said promissory note, or any part thereof, at the time of its maturity,

then and in that event the said Hubbard, whenever demand is made on him by said J. H. Burnett & Co. for the payment of said note, or any part thereof,"   *   *   *   may proceed to sell, and apply the proceeds to " the payment of the amount said Hubbard may have to pay on account of said note as aforesaid." The note not being paid at maturity, and payment being demanded of Hubbard by Burnett & Co., there can be no question as to his authority to proceed, after due notice, to sell; nor, under the decisions of this court, can there be any question as to his right to become himself the purchaser. (Howard *v.* Davis, 6 Tex., 174; Scott *v.* Mann, 33 Tex., 725.)

The deed made by him as trustee to himself was valid to pass the legal title to the lot, unless, as claimed by appellees, its validity is affected by his failure then or afterwards to pay over to Burnett & Co. $1,300, the amount of his bid. Marsh and Letchworth, who set up this defense, were in possession, as tenants of Roberts, at the time they purchased at the execution sale, and afterwards continued to hold possession for themselves. Our opinion is, that although by their purchase they became the owners of the equity of redemption, they had no such rights as enable them to raise the question of the payment of the purchase-money. The deed of trust was for Hubbard's protection, and they could only exercise their right to redeem by relieving Hubbard from liability. Their rights were just the same, whether Hubbard at once paid over on the note the $1,300 bid by him, or, as it appears he proposed to do, conveyed the lot itself to Burnett & Co. It does not appear that they were in anywise hindered or impeded in the exercise of their right of redemption by the payment or non-payment of the purchase-money, and the case in that respect differs from James *v.* Jacques, 26 Tex., 320. However the case might be if Roberts and wife or Burnett & Co. were complaining, the appellants cannot impeach the sale on the ground claimed. As against them, Hubbard's legal title must prevail.

Counsel claims that before the trial Hubbard's note was barred. It is not perceived that this could retroact to render the sale invalid.

The judgment is affirmed.

AFFIRMED.

[Justice BONNER did not sit in this case.]