### CARARAS et al. v. BUTTS et ux.
### No. 3217.

Court of Civil Appeals of Texas. El Paso. June 6, 1935.

Rehearing Denied June 27, 1935.

Clower & Sewell and McEntire, James & Shank, all of Tyler, and Ben B. Hunt, of Mexia, for appellants.

McGee & Head, of Kilgore, for appellees.

WALTHALL, Justice.

Appellees, Levi Butts and wife, Savanah Butts, brought this suit in the district court of Gregg county against J. A. Cararas, Ben B. Hunt, Horace A. Hunt, J. D. Hunt, Jr., Jeff D. Jones, and First National Bank of Waco.

This suit is in the nature of a suit in trespass to try title to a certain tract of land described in the petition.

The suit was dismissed as to Jeff D. Jones and First National Bank of Waco, and we need not state the nature of the suit as to them nor their answers.

The facts disclosed by the record are substantially as follows: On February 9, 1925, Levi Butts and wife conveyed the property in question to Willie Hawkins, the deed reciting a consideration of $250 paid and the execution and delivery to them of three notes of $250 each, due, respectively, in one, two, and three years, and retaining a vendor's lien to secure their payment. At the time of the execution and delivery of said deed and notes, Willie Hawkins and Mattie Hawkins were husband and wife. The record shows that by the execution and delivery of the deed the land in question became the community property of Willie Hawkins and Mattie Hawkins, so far as the land could become the property of either before the payment of the notes.

On the 15th day of October, 1928, Willie Hawkins and Mattie Hawkins were divorced by a decree of the district court of Gregg county, in which divorce no disposition was made of their community property or the property involved in this suit, and at which time the said notes were unpaid.

On January 6, 1930, Willie Hawkins reconveyed the land in question to Levi Butts, the consideration for the conveyance recites the assumption by Levi Butts of the said three notes, and the accrued interest, less any credits and deductions due; at that time the said notes were held by Roy H. Laird as collateral security for a loan made by Laird to Butts.

On December 24, 1930, Willie Hawkins and Mattie Hawkins, by an instrument in writing made, constituted and appointed appellant J. A. Cararas their agent and attorney in fact to prosecute their claim to the land in controversy, and in the instrument (referred to as a power of attorney) authorized J. A. Cararas to employ an attorney to prosecute their said claim to said property, and giving Cararas such other powers as are generally contained in such instruments; the instrument recites that, in consideration for services rendered and to be

rendered, and in consideration of such expenses he has incurred or may incur in pursuance of such duties, each have agreed and do hereby transfer and convey to Cararas an undivided one-half interest in said property, and in their respective claims to said property, and in and to any and all recoveries that may be made, any legal services to be paid out of the part conveyed. The instrument was acknowledged on the 27th day of December, 1930.

On November 25, 1931, J. A. Cararas, in writing, employed appellant Ben B. Hunt as attorney in the matter of the claim to the property in controversy of Willie and Mattie Hawkins, and in said instrument conveyed and assigned to said Hunt a one-half interest to what interest and property he received from the Hawkins; on the 25th day of November, 1931, Ben B. Hunt conveyed to appellants Horace H. Hunt and J. D. Hunt, Jr., a two-thirds interest in the property conveyed.

On the 16th day of January, 1931, Mattie Hawkins, conveyed by quitclaim deed to Levi Butts all of her right, title, and interest to the property in controversy. The instrument was duly acknowledged.

On December 20, 1930, Butts and wife executed an oil and gas lease to Edgar B. McKain. This suit was filed on July 19, 1933.

The Cararas power of attorney and assignment of an interest and the Ben B. Hunt assignment of an interest, to the property in controversy, were filed and recorded in the deed records of Gregg county, and appellees' suit recites that the record of said instruments cast a cloud upon their title, and the suit is to remove such cloud from their title.

Appellants pleaded the instruments of power of attorney and the assignment of an interest to Ben B. Hunt, and that in good faith they set about to clear the title to said land. On the trial they offered to pay into court any amount due upon the original vendor's lien notes, and prayed that appellees take nothing by their suit.

The case was submitted to and tried by the court without a jury.

The court entered judgment for the plaintiffs in the suit, appellees here, and appellants appeal and file two sets of briefs.

## Opinion.

We have sufficiently stated the facts upon which the opinion in this case must rest, and we need not restate them again.

■ The superior title to the land in controversy remained in Levi Butts and wife, on the conveyance by them to Willie Hawkins by reason of the retention in the deed conveying the land of the vendor's lien to secure the payment of the unpaid three notes, a part of the purchase price for the land, and so remained until the said notes were fully paid.

It would be needless to cite authorities to establish that proposition, but we refer to Johnson et al. v. Smith et al., 115 Tex. 193, 280 S. W. 158, in which Judge Greenwood, for the Supreme Court, fully discusses that question, and refers to Masterson v. Cohen, 46 Tex. 520, 523; Hamblen v. Folts, 70 Tex. 132, 135, 7 S. W. 834. Willie Hawkins and wife, having failed to pay the notes, but holding a mere contract for title, conditioned on the payment of the notes, could agree that appellants should have their contract of purchase conditioned upon the payment of the notes, Johnson v. Smith, supra, but the power of attorney and conveyance of a part interest in the land to appellants does not contain such provision, nor is there found in the record any such provision. In the execution of the power of attorney, Willie Hawkins was not contracting for title existing in himself. As said by Judge Greenwood in the Johnson v. Smith Case, considering Willie Hawkins' inability to meet the notes, he would only benefit from the execution of the same agreement, parol or otherwise, through the discharge of his personal obligation on the notes. As said by Judge Greenwood in the Johnson v. Smith Case, no title to nor interest in the land was or could be acquired by Willie Hawkins save such as was conditioned on the payment of the notes. Howard v. Davis, 6 Tex. 174, 182; Roosevelt v. Davis, 49 Tex. 463, 472; Evans v. Ashe, 50 Tex. Civ. App. 54, 63, 108 S. W. 398, 1190.

■ The contract of sale could have been rescinded by agreement between Levi Butts and wife and Willie Hawkins, or by either, alone, on Hawkins' failure to pay the notes, or by repudiation to pay the notes. Johnson v. Smith, supra; Thompson v. Robinson, 93 Tex. 165, 170, 54 S. W. 243, 77 Am. St. Rep. 843; Davis v. Cox (Tex. Com. App.) 239 S. W. 917, 918.

Mattie Hawkins' title or interest in the land, whether before or after the divorce from Willie Hawkins, was conditioned on and subject to the payment of the notes, the same as was that of Willie Hawkins. She received what rights she had to the land

under the same contract for title as did Willie Hawkins, and what we have said applies to her interest as much as to that of Willie Hawkins.

█ The rescission of the contract of sale by Levi Butts is binding upon appellants, who bought with notice of the lien of Levi Butts, and especially would that be the law in the absence of any contract or agreement with the Hawkins that appellants would assume the payment of the notes.

We have concluded from the uncontroverted evidence that appellants got no title or interest in the land and that the court was not in error in rendering judgment for appellees.

We have considered all propositions presented, and they are overruled.

The case is therefore affirmed.