**MITCHELL et al. v. McCLUNG et al.**

No. 4958.

Court of Civil Appeals of Texas.
Texarkana.

April 2, 1936.

Rehearing Denied April 9, 1936.

Jerome P. Kearby, of Bowie, for plaintiffs in error.

T. N. Jones and John Nisbet, both of Tyler, for defendants in error.

SELLERS, Justice.

This suit was brought by H. L. McClung and John Nesbet against Henry Mitchell and a number of others in trespass to try title to recover three tracts of land aggregating 160⅕ acres, a part of the Samuel Dexter survey located in Smith county. The defendants answered by general demurrer, general denial, plea of not guilty, and by way of cross-action pleaded the statutory action of trespass to try title against all the plaintiffs, and also made one George R. Phillips a party thereto. George R. Phillips answered the cross-action with a general demurrer and general denial. The plaintiffs answered by general demurrer, general denial, and plea of not guilty. The case was tried before the court without a jury and resulted in a judgment for plaintiffs for title and possession of the land involved. From this judgment the defendants have duly prosecuted this appeal by writ of error to this court for review.

It appears from the record that Babe Mitchell is the common source of title to the land involved. That he conveyed the land to plaintiffs in error by warranty deed, and they assumed certain indebtedness against the land. February 19, 1929, plaintiffs in error executed a deed of trust against the land which recites that it was given in renewal of certain indebtedness due by Babe Mitchell against the land. In this deed of trust George R. Phillips was named as trustee, and he is also the payee in the notes for which the deed of trust was given to secure. The deed of trust contains this provision: "In case of death of the said George R. Phillips, Trustee, or his removal from the County of Smith, Texas, or his refusal or failure or inability, for any reason, within thirty days after such requests by the holder or holders of said notes as above stipulated to make said sale or to perform said

trusts, then the legal holder or holders of said notes or any of them, may appoint, in writing, substitute Trustee, who shall thereupon succeed to all the 'estate, rights, powers and trusts hereinbefore granted to and vested in said Trustee."

On November 12, 1932, George R. Phillips made the following appointment of a substitute trustee in writing:

"To Whom It May Concern:

"I hereby appoint J. F. Phillips substitute Trustee to sell the land upon which I have a deed of Trust given by Henry Mitchell, Will Mitchell, Henderson Mitchell, Nellie Jones and Sam Jones to sell said land on the 6th day of Dec. 1932.

"Geo. R. Phillips."

Under this appointment J. F. Phillips as substitute trustee sold the land under the powers contained in the deed of trust and .George R. Phillips became the purchaser at such sale. He in turn conveyed the land to defendants in 'error.

The contention of plaintiffs in error on this appeal is that the record does not show a valid appointment of the substitute trustee, in that there is no showing of a request and refusal on the part of the named trustee to act which would authorize the appointment of a substitute trustee, and therefore the acts of the substitute trustee are void and passed no title to the property.

Our courts are committed to the proposition that, where a deed of trust provides that a substitute trustee shall be appointed only after a request and refusal to act on the part of the trustee named therein, no valid appointment of a substitute trustee is shown in the absence of proof of a request and refusal to act on the part of the named trustee. Bracken v. Bounds, 96 Tex. 200, 71 S.W. 547.

In our opinion, the above rule has no application in this case. It will be observed that George R. Phillips is both the sole beneficiary and trustee in the deed of trust under consideration. Our Supreme Court from an early date has held that the beneficiary under a deed of trust may act as trustee therein, Thornton v. Goodman (Tex.Com.App.) 216 S.W. 147, and may also purchase the property at a sale made by himself, Howards v. Davis, 6 Tex. 174; Scott v. Mann et al., 33 Tex. 725, 726; Marsh v. Hubbard, 50 Tex. 203. The deed of trust by its pro-

visions authorizes the appointment of a substitute trustee when the trustee refuses for any reason to act. George R. Phillips as trustee in the deed of trust under its provision had a right to refuse to act as such upon any reason satisfactory to himself. As mortgagee and owner of the notes he was, under the provisions of the deed, empowered to appoint a substitute trustee. In this situation it seems to this court that the act of George R. Phillips in appointing a substitute trustee was as effective to show a refusal on his part to serve as such trustee as it would have been had he used apt words in stating his refusal to act. He certainly gained no right he did not already have by his refusal to act, since he had a right to purchase at a sale made by himself as trustee.

Believing that plaintiffs in error's contention cannot be sustained under the facts of this case, the judgment of the trial court is affirmed.