## SMITH v. ELLIOTT et al.
### No. 5261.

Court of Civil Appeals of Texas. Amarillo.
March 24, 1941.

Rehearing Denied April 14, 1941.

Robt. A. Sowder, Geo. W. McCleskey, and Nelson & Brown, all of Lubbock, for appellant.

Allison & Gordon, of Levelland, for appellees W. C. Elliott and Della Elliott.

Weldon Johnson, of Levelland, and Hefner & Hefner, of Oklahoma City, Okl., for appellee R. A. Hefner.

R. B. Violette and Eugene T. Adair, both of Fort Worth, for appellee Cascade Petroleum Co.

J. A. Amis, Jr., of Emory, and Carl E. Ratliff, of Levelland, amici curiæ.

JACKSON, Chief Justice.

The record shows that the State of Texas granted four leagues of land, among which was League 42 situated in Hockley County, Texas, to Rains County for school purposes. The State issued a patent there-

for to the grantee on May 26, 1885 which was filed for record in Hockley County on February 3, 1920.

On October 22, 1927 the Commissioners Court of Rains County subdivided the leagues into labors and had a plat thereof made which appears in this record as the official plat of the Rains County School Land in Hockley County.

On May 8, 1928 the County of Rains, acting through its commissioners court, sold and conveyed by its county judge to Charles C. Crenshaw several of the labors into which the leagues had been subdivided, among which was Labor No. 10 in League No. 42 in Hockley County. The labor was conveyed in two deeds—the east half in one and the west half in another. Each recited as a consideration for the land therein conveyed $1,861.65, evidenced by a note due on or before forty years after December 1, 1928 and each deed retained a vendor's lien to secure the payment of the purchase price of the land described therein. The notes each drew 5% interest per annum payable annually and the deeds provided that failure to pay any annual installment of interest within 120 days after same became due should at the option of the commissioners court of Rains County mature all of said indebtedness remaining unpaid.

Charles C. Crenshaw, the grantee, executed a deed of trust to John T. Rushing, Trustee, who was the county judge of said county, covering all of said Labor No. 10 to secure the payment of one note for the sum of $3,723.30, the combined amount of the two vendor's lien notes, and made the deed of trust note due on or before December 1, 1968. The deed of trust expressly provides that there is to be no personal liability on Charles C. Crenshaw by virtue of the execution and delivery of the note therein described but that Rains County is to look to the land only for the payment of the purchase price. It also contains an accelerating clause which conforms to the provision in the deeds and vendor's lien notes for declaring the indebtedness due on default in the payment of interest.

On June 25, 1928 Charles C. Crenshaw conveyed said Labor No. 10 to Oscar Killian for a recited consideration of $886.50 cash and the assumption by Mr. Killian of the payment of the principal note of $3,-723.30 according to the terms and effect thereof. Mr. Killian and wife, Viola Killian, by deed acknowledged January 12, 1929, conveyed the land to Ben F. Smith for a recited consideration of $1 cash, the execution of two notes aggregating the sum of $3,368.70, and the further consideration that Mr. Smith "does hereby assume and agree to pay off and discharge according to the terms thereof" the vendor's lien notes aggregating $3,723.30 with the deed of trust lien securing their payment, to the record of which reference is made for the terms and conditions thereof.

John T. Rushing, the original trustee in the deed of trust, died in 1931 and Mr. Smith defaulted in the payment of the interest on the indebtedness he assumed and agreed to pay. In fact, he never paid any installment of interest and permitted the taxes to become delinquent, hence, the land was unprotected by Mr. Smith for the delinquent taxes against it. E. M. Mason, who was county judge, was by order of the commissioners court appointed substitute trustee on January 11, 1933 and on August 31st thereafter he was again designated trustee and directed to sell the land in controversy under the deed of trust. On October 3, 1933 E. M. Mason as substitute trustee sold the land and executed a trustee's deed to Rains County for a consideration of $350 cash.

On February 5, 1934 Rains County by warranty deed conveyed said Labor No. 10 to W. C. Elliott for the consideration of $3,102.75 evidenced by an installment note for the sum of $2,804.78, the last installment being due and payable February 5, 1966 and the balance of the consideration was stated to be the payment of certain delinquent taxes. A vendor's lien was retained against the labor of land and the improvements to secure the payment of said indebtedness. On October 9, 1934 W. C. Elliott conveyed the land to his wife, Della. Thereafter in 1935 Elliott and his wife executed and delivered an oil and gas lease to H. A. Hedberg which was by him assigned to the Cascade Petroleum Company and on February 26, 1936 they conveyed the minerals under the south 100 acres of Tract No. 10 to Lewis Johnson, who in turn conveyed said minerals to R. A. Hefner.

On February 25, 1939 the appellant, Ben F. Smith, instituted this suit in the District Court of Hockley County as an action in trespass to try title to recover title and possession of said Labor No. 10, naming as defendants Della Elliott, W. C. Elliott,

her husband, Cascade Petroleum Company and R. A. Hefner.

The defendants answered by general demurrer, general denial and a plea of not guilty.

In a supplemental petition appellant, Smith, by a plea of tender offered to do equity by the defendants named in the suit.

In a trial before the court without the intervention of a jury judgment was rendered that the plaintiff, Ben F. Smith, take nothing by his suit against any of the defendants and that they go hence with their cost, from which judgment this appeal is prosecuted.

The appellees contend that if the sale by E. M. Mason as substitute was void the record discloses that the county had cancelled and rescinded the sale of the land to Ben F. Smith and in the original opinion we reversed the judgment and remanded the cause for the reason that Rains County had not been made a party to this suit.

On further investigation we have decided this was error. Articles 7370 and 7372, Vernon's Annotated Civil Statutes; Stanolind Oil & Gas Co. et al. v. State et al., Tex.Sup., 133 S.W.2d 767.

The appellant contends that the sale under the deed of trust which constitutes a link in appellees' chain of title is void for the reason, first, that E. M. Mason, who acted as substitute trustee in the place of the original trustee, John T. Rushing, deceased, was not appointed in writing; second, the order which shows the written appointment of E. M. Mason as substitute trustee recites the prior appointment of J. H. Foster as substitute trustee and thereafter the appointment of T. R. Potts as substitute trustee, but the record fails to show that the holder of the indebtedness ever requested either of such prior substitute trustees to act or that either ever refused to execute the powers given in the deed of trust and, hence, the attempted appointment of E. M. Mason by the commissioners court as substitute trustee under the record was invalid and the sale by him as such did not divest title out of Ben F. Smith.

On January 11, 1933 the commissioners court, by order duly passed and recorded, found that John T. Rushing, trustee named in the deed of trust, had died; that on January 11, 1932 J. H. Foster, county judge, had been appointed substitute trustee with the same powers that had been originally delegated to J. T. Rushing, deceased; but that J. H. Foster had refused to act as substitute trustee and on November 23, 1932 T. R. Potts was duly appointed substitute trustee with all the powers theretofore delegated to J. H. Rushing or his substitute, J. H. Foster; that the said T. R. Potts refused to act as such substitute trustee and said: "It is therefore ordered, adjudged and decreed by the Court that E. M. Mason, County Judge of Rains County, Texas, be and is hereby appointed Substitute Trustee, with all the powers delegated to J. T. Rushing or his Substitutes, J. H. Foster and T. R. Potts."

Then follows a description of certain lands directed by the commissioners court to be sold, none of which is involved in this litigation.

On August 31, 1933 the commissioners court at a regular session entered an order reciting in effect that upon consideration of the question of the condition of the Rains County school lands in Hockley County it appeared that interest payments on the purchase price thereof were delinquent and that it was necessary to do something to protect the county, and proceeded: "It is hereby ordered by the court that E. M. Mason, Trustee, be and he is hereby instructed to post and sell under deed of trust as provided in said deed of trust, the following tracts of land situated in Hockley County, Texas: * * * Labor 10, League 42".

The deed of trust executed by Charles C. Crenshaw as security for the payment of the purchase price provides:

"In case of death of the said John T. Rushing, Trustee, or his removal from the County of Rains, Texas, or his refusal, or failure or inability, for any reason, within 15 days after such requests by the holder or holders of said note as above stipulated to make said sale or to perform said trusts, then the legal holder or holders, of said note or any of them may appoint, in writing, substitute trustee, who shall thereupon succeed to all the estate, rights, powers and trusts hereinbefore granted to and vested in said Trustee.

"And it is further specially agreed by the parties hereunto that in any deed or deeds given by any Trustee or substitute duly appointed hereunder, any and all statements of facts or other recitals therein made as to the non-payment of the money secured, or as to the request to sell,

the time, place, terms of sale and property to be sold having been duly published, or as to any other act or thing having been duly done by any Trustee, or substitute, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals do state facts, and are without further question to be accepted. And I the said grantor do hereby ratify and confirm any and all acts that the Trustee or substitute, or his successor in this trust may lawfully do in the premises by virtue hereof."

The trustee's deed executed to Rains County by E. M. Mason as substitute trustee, after reciting certain provisions of the deed of trust, continues: "Default having been made in the payment of said indebtedness the holder of said indebtedness having declared same due, I, the undersigned, as Substitute Trustee, having been requested by the holder of said indebtedness to proceed and enforce said trust, did on the 3rd day of October, 1933, (that being the first Tuesday in said month) offer said property for sale before the Court House door of Hockley County, Texas, in the city of Levelland, Texas, between the hours of 10:00 o'clock A. M. and 4:00 o'clock P. M. of that day, at public auction, to the highest bidder, for cash, after having given notice thereof at three public places in the County of Hockley, Texas, one of which was at the court house door of Hockley County, Texas, for more than twenty-one (21) days successively next before the day of said sale, and at such sale said property was struck off by me to Rains County, Texas, for the sum of $350.00, that being the highest and best bid obtained for the same."

In addition to the recitation in the trust deed the testimony shows without controversy that the notices of the sale were posted.

■ In answer to appellant's first contention that E. M. Mason was not appointed substitute trustee in writing we deem it sufficient to say that the commissioners court, although a court of limited jurisdiction, is nevertheless a court of record and speaks through the minutes of the court and the recitation in the minutes that the original trustee, John T. Rushing, was dead and that E. M. Mason, County Judge, "be and is hereby appointed substitute trustee with all the powers delegated to John T. Rushing or his substitutes" was a sufficient appointment in writing.

In Gano v. Palo Pinto County, 71 Tex. 99, 8 S.W. 634, 635, the Supreme Court, speaking through Judge Gaines, says: "The commissioners' court is a court of record, and speaks through its minutes, and not by the mouths of the members of the body. The proper method to amend the minutes, when they fail to speak the truth, is by a motion made in that court, and not by allegation and proof in another tribunal in which a litigation concerning its orders may arise."

■■ Whether or not the recitation in the order of the court to the effect that J. H. Foster and T. R. Potts had been previously appointed as substitute trustees with the powers delegated to J. T. Rushing were sufficient to show their appointment in writing we do not consider necessary to determine. If they were not appointed it does not affect the sufficiency of the appointment of E. M. Mason as substitute trustee and if they were appointed as recited in the order the statements therein show that both refused to act. If such order did not speak the truth a motion should have been made at the proper time to have the order amended in that court rather than to seek its correction in this court. Gano v. Palo Pinto County, supra. These recitations are not controverted by any testimony in the record and the presumption is that the request to the substitute trustees to sell the property preceded their refusal to perform the trust. Southland Lumber Co. et al. v. Boyd et al., Tex.Com. App., 244 S.W. 119; Wiener et al. v. Zweib, Tex.Civ.App., 128 S.W. 699; Id., 105 Tex. 262, 141 S.W. 771, 147 S.W. 867; Mitchell et al. v. McClung et al., Tex.Civ. App., 93 S.W.2d 458, writ refused. The deed of trust authorized the appointment of substitute trustees and stipulated that in any deed or deeds given by any trustee or substitute trustee duly appointed, any and all statements of fact made therein by any trustee or substitute trustee as to non-payment of money, the request to sell, or as to time, place, terms of sale, property sold, or due notice thereof, or as to any other act done, should be taken by any and all courts of law and equity as prima facie evidence that such statements and recitals state the facts and are to be accepted without question. These provisions of the deed of trust are substantially complied with in the trust deed and since no testimony was offered to controvert such recitations they, in our opinion, constitute a prima facie case.

In Mortimer v. Williams, Tex.Civ.App., 262 S.W. 123, 125, the court says: "This recital being unrebutted was prima facie proof of default in payment of the indebtedness of the request of the holder to the trustee to sell, and that due notice of the time, place, and terms of such sale had been made as required by law and in accordance with said deed of trust. Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; Roe v. Davis, 106 Tex. 537, 172 S.W. 708; Southland Lbr. Co. et al. v. Boyd et al. (Tex.Com.App.) 244 S.W. 119; Swain v. Mitchell, 27 Tex.Civ.App. 62, 66 S.W. 61; McCreary v. Reliance Lbr. Co., 16 Tex. Civ.App. 45, 41 S.W. 485; Jesson v. Texas Land & Loan Co., 3 Tex.Civ.App. 25, 21 S.W. 624; Allen v. Courtney, 24 Tex. Civ.App. 86, 58 S.W. 200."

The appellant also challenges the validity of the sale under the deed of trust and the trust deed executed to Rains County by E. M. Mason for the reason that he was the duly elected, qualified and acting judge of said county and the presiding officer of the commissioners court at the time of the entry of the orders appointing him substitute trustee and directing him to sell the land in controversy under the powers conferred in the deed of trust executed by Charles C. Crenshaw.

The management and control of the business of Rains County and the disposition of the school lands thereof were by law vested in the commissioners court. The powers of E. M. Mason as substitute trustee were clearly defined and there is no claim that he exceeded his authority or violated his fiduciary relationship. While the deed of trust provided that the trustee should receive 5% commission, the uncontroverted evidence shows that he was paid no commission for his services as substitute trustee and since he received no remuneration we are of the opinion that his action as substitute trustee was not void because he was at the same time county judge. In Gallup et al. v. Liberty County, 57 Tex.Civ. App. 175, 122 S.W. 291, writ of error denied, it is held that a county judge is authorized to represent the county as an attorney provided he received no compensation for his services. It is apparently the established law that a beneficiary under a deed of trust may act as trustee in such instrument. Mitchell et al. v. McClung et al., Tex.Civ.App., 93 S.W.2d 458; Thornton et ux. v. Goodman, Tex.Com.App., 216 S.W. 147; Howard v. Davis, 6 Tex. 174;

Scott v. Mann et al., 33 Tex. 725, 726; Marsh v. Hubbard, 50 Tex. 203. If the beneficiary can act as his own trustee we conceive of no sound reason in law or equity that would prohibit a county judge from acting as trustee in a deed of trust and exercising the powers therein granted, provided always that he acts in good faith.

Finding no reversible error the motions for rehearing are granted, the former opinion withdrawn, the judgment of this court set aside, and the judgment of the trial court affirmed.