**REVARD et al. v. WOOD et al.**

**No. 11034.**

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1941.

Rehearing Denied Dec. 10, 1941.

John A. Pope, of Rio Grande City, and R. M. Bounds, of McAllen, for appellants.

Davenport & Ransome, of Brownsville, for appellees.

MURRAY, Justice.

This suit was instituted by Ruth Revard and her husband, Ed Revard, against D. G. Wood and Ben D. Wood, seeking to recover the title and possession of 500 acres of land situated in Starr County, Texas; being a part and parcel of Porcion No. 84, of the Ancient Jurisdiction of Camargo, Mexico. The facts involved herein are largely the same as in Ridge v. Wood, Tex. Civ.App., 140 S.W.2d 536.

On February 20, 1920, D. G. Wood, by deed duly recorded, conveyed 2,175 acres of land out of Porcion No. 84, now in Starr County, Texas, to C. E. Revard, reserving a vendor's lien to secure the payment of $29,500, as evidenced by forty vendor's lien notes.

Afterwards, on June 8, 1920, C. E. Revard and Ola Revard conveyed the entire 2,175 acres of land to Revard Development Company and recited that the Revard Development Company assumed thirty-nine of the forty vendor's lien notes described in the D. G. Wood deed.

Thereafter, on September 10, 1921, Revard Development Company conveyed unto Ruth Revard, appellant herein, 500 acres of the 2,175 acres above mentioned, and it is this 500 acres of land which is involved in this appeal. The consideration for said deed recited, among other things, a vendor's lien in favor of the Revard Development Company for $5,000, evidenced by twenty vendor's lien notes. No mention was made of the vendor's lien or notes described in the deed from D. G. Wood to C. E. Revard.

Thereafter, on June 4, 1926, the 93rd District Court of Hidalgo County, Texas, entered a judgment in favor of D. G. Wood for title and possession of the entire 2,175 acres of land. Ruth Revard was not a party to this judgment.

 Appellant here contends that inasmuch as the notes described in the deed from D. G. Wood to C. E. Revard and

those described in the deed from Revard Development Company to Ruth Revard are now barred by the four-year statute of limitation and inasmuch as she was not made a party to the suit by D. G. Wood against C. E. Revard and others, wherein Wood recovered the title and possession of the entire 2175 acres of land, by reason of his superior title retained in the deed from Wood to C. E. Revard, she now has the superior title to the 500 acre tract.

We overrule this contention. D. G. Wood had the legal right, when the vendor's lien notes held by him became past due, to sue his immediate vendee, C. E. Revard, upon his superior title retained in the deed from him to Revard, and he was not required to make sub-vendees a party to this suit. Toler v. King, Tex.Civ.App., 11 S.W.2d 360; Cararas v. Butts, Tex. Civ.App., 84 S.W.2d 519.

Appellant, Ruth Revard, does not contend that she did not know of the superior title retained by D. G. Wood. She does not contend that C. E. Revard did not default in the payment of the notes described in the deed from D. G. Wood to C. E. Revard. She does not contend that such notes were barred by limitation at the time D. G. Wood brought suit for the land based upon the superior title which he had reserved. She does not contend that the notes given by C. E. Revard to D. G. Wood have ever been paid, nor does she now offer to pay the same. She does not contend that it was inequitable to permit D. G. Wood to rescind the executory conveyance of the land to C. E. Revard. Under such circumstances appellant cannot recover herein.

If appellant desired to tender the amount due Wood, or if she desired to contend that under all the circumstances it would be inequitable to allow Wood to rescind, or if she desired to require that the land, other than the 500 acres purchased by her, be first sold in satisfaction of the notes held by Wood, before resort be had to the 500 acres purchased by her, or if she wished to make any other equitable plea, she should have intervened in the suit instituted by Wood and there asked for such relief. Wood's judgment awarding the title and possession of the 2,175 acres of land to him is now conclusive as against any claim by Ruth Revard. If for any reason she did not have an opportunity to intervene in the original suit, she should have used due diligence to institute a separate suit setting up such equities, and not have waited some fifteen years, as she has done herein, long after all notes are barred by limitation, and then undertake to recover the land without tendering the amount of principal and interest remaining unpaid on the original vendor's lien notes. Foster v. Powers, 64 Tex. 247; Cararas v. Butts, supra.

The judgment is affirmed.