M. J. PEMBERTON and others v. ELLEN SIMMONS and others.

*Power of Attorney—Mortgage—Presumption of Payment—Pleading.*

1. A deed from A, dated June 8th, 1866, appointing B his attorney in fact, with authority to sell a house and lot, unless by May 1st, 1867, he should pay all the debts for which B was liable as his surety, and adding : " With this power of attorney, I do hereby convey and assign to said B and his heirs such an interest in said house and lot as shall not be revocable by me, or by my death, but shall be in said B, as an estate in trust to pay said debts, and to dispose of and convey to the purchaser." In October, 1866, A, by his attorney B, executed to C a deed, purporting to convey a fee simple title for the lot, B covenanting, for himself. to warrant the title, but not undertaking to convey any title he had in the land ;

*Held,* that the deed of June, 1866, was a *mortgage,* with power of
sale in B, and being registered, and the deed to C being executed
before its condition was broken, C could not claim more than to
hold subject to A's rights as mortgagor.

2. In such case, the mortgagor having remained in possession over ten
years after the condition of the mortgage was broken, there arose a
presumption of the payment of said debts, and the legal estate
vested in the mortgagor, under Rev. Code, ch. 65, § 19.

3. In an action to recover possession of land by purchaser from mort-
gagee, before condition was broken, against the mortgagor in posses-
sion, an answer by mortgagor, " that the plaintiff has not brought
his action within the time prescribed by law, and the same is
barred by the statute of limitations," is sufficient to set up the de-
fence of *payment* presumed after ten years, under § 19, chap. 65,
Rev. Code.

CIVIL ACTION for recovery of land, tried before *Clark, J.,*
at March Term, 1887, of the Superior Court of CUMBER-
LAND.

It is admitted that the plaintiffs are the widow and heirs
at law of E. L. Pemberton, deceased. · They bring this ac-
tion to recover the land specified in the complaint, and claim
to derive title thereto through their ancestor, from George
D. Simmons, now deceased.

The defendants are the widow and heirs at law of the
last named person.

It appears that on the 8th day of June, 1866, the above
named George D. Simmons executed to George W. Wight-
man a deed, whereof the following is a copy :.

STATE OF NORTH CAROLINA, }
      CUMBERLAND COUNTY. }

Know ye, that I, George Simmons, of the county and
State aforesaid, do hereby appoint George W. Wightman, of
the town of Fayetteville, in the county and State aforesaid,
my true and lawful attorney in fact, and I do hereby author-
ize and empower him to sell and dispose of my house and
lot, in the town of Fayetteville, where I now reside, being

the same sold to me by I. W. Powers, June 5th, 1858, either
for cash or on credit, at his pleasure, unless I shall, on or
before the first day of May, 1867, pay off and discharge all
the claims for which the said George W. Wightman is now
liable as my surety, or where I am indebted to him, or to
Sinclair Vanderbilt, whose effects have been assigned to said
Wightman in trust, the whole of my said indebtedness being
seven hundred dollars, or thereabouts; and with this power
of sale, I do hereby convey and assign to the said George
W. Wightman, and his heirs, such an interest in the afore-
said house and lot as shall not be revocable by me, or by my
death, before the first day of May, 1867, but shall be in the
said Wightman, as an estate in trust, to pay the said debts,
and to dispose of and convey to the purchaser, I hereby con-
firming the same.

  Given under my hand and seal, June 8th, 1886.
            (Signed)      GEO. D. SIMMONS, [SEAL].
  Witness: A. B. SMITH.

  This deed was duly proven, and registered on the 8th of
June, 1866.

  On the 10th day of October, 1866, George D. Simmons,
above named, executed, by his attorney, G. W. Wightman,
to Edmund L. Pemberton, now deceased, the husband of
the plaintiff widow, and ancestor of the other plaintiffs, a
deed, purporting to convey to him the fee simple in the land
embraced by the deed above recited, and the said Wightman
signed the deed for himself as to the covenants of warranty
therein, but he did not undertake by the deed to convey any
title in him to the land.

  The said George D. Simmons continued to have possession
of the land embraced by the deeds mentioned above, ever
after the execution of the same, until his death, and the de-
fendants, his surviving widow and heirs at law, have had
like possession of the same ever since his death.

The defendants, on the trial, requested the Court to instruct the jury, "that, upon the whole evidence, they must find a verdict for the defendants, and relied especially on the plea of the statute of limitations, and the fact that Wightman attempted to sell the land before the time fixed for payment of the debt had expired, under power of attorney." But the Court instructed the jury to render a verdict for the plaintiffs, if they believed the evidence. They rendered a verdict for the plaintiffs; there was accordingly judgment in favor of the latter, from which the defendants appealed to this Court.

Mr. D. Rose, for the plaintiffs.
Mr. N. M. Ray, for the defendants.

MERRIMON, J., (after stating the facts). It seems that the deed above recited was treated in the Court below as simply a power of attorney. This, we think, was a misapprehension, and leaves out of view its chief purpose. It is very informal and disorderly in its provisions, but it has all the essential elements of, and the parties to it intended it to be, and it was, in legal effect, a mortgage, coupled with a power of sale in the mortgagee. Its purpose was to convey the title to the land to the mortgagee, to secure the payment of the debts mentioned in it, within a period of time specified, and in case of default by the mortgagor in this respect, then to give the mortgagee authority to sell the land and apply so much of the proceeds of sale as might be necessary to the liquidation of the mortgage debts.

Thus the legal title was in Wightman, the mortgagee. He did not purport to execute his own deed to Pemberton, the ancestor of the plaintiffs, under whom they claim, but to execute a deed to him in the name of Simmons, the mortgagor, by himself as attorney. The authority of the mortgagee to sell the land did not contemplate such a sale and

conveyance. The sale was made before the condition of the mortgage was broken, and the deed purported to be executed by the mortgagor, by his attorney. Granting, for the present purpose, that Pemberton got such interest as the mortgagee under the circumstances could convey, and that the latter was estopped to deny the title of Pemberton, the latter took whatever interest he got by the deed, with notice of, and subject to the rights of, Simmons, the mortgagor, because the deed of mortgage was registered, and therefore there was notice of it to everybody; and indeed, it would seem that Pemberton had actual notice of the deed of mortgage. He claimed by virtue of the power contained in it, and probably saw it.

The mortgagee never had possession of the land in question. The mortgagor continued to have possession thereof until his death; and ever thereafter, until this action began, in 1884, the defendants, his widow and heirs at law, have had possession of the same. It does not appear that the mortgage ever was foreclosed by a sale, as contemplated by it, or by the decree of any Court. It does appear, however, that more than ten years elapsed, next after the time when a failure to pay the mortgage debts would be a breach of the condition thereof. This lapse of time raised the presumption, under the statute applicable (Rev. Code, Ch. 65, § 19), that the debts were paid at the time mentioned, and thus the mortgage was discharged and the legal estate revested in the mortgagor, he, until the time of his death, and the defendants, his heirs, having had possession of the land as above stated. *Powell* v. *Brinkley*, Busb., 154; *Roberts* v. *Welch*, 8 Ired. Eq., 287.

As the mortgage was thus discharged, the ancestor of the plaintiffs, under whom they claim, got no title as against the mortgagor, and hence none descended to them. The title, so far as appears, is in the defendants, heirs of the deceased mortgagor.

· The defendants do not formally plead payment of the debts secured by the mortgage, at the time therein specified, and the consequent discharge of the mortgage, but in the answer they allege, "that the plaintiffs have not brought their action within the time prescribed by law, and the same is barred by the statutes of limitations," &c. Taking the whole of the pleadings together, we think the statute—not of limitations, but of presumption—above cited, is sufficiently referred to to indicate their purpose to rely upon payment presumed, as provided by it.

There is error, for which there must be a new trial. To that end let this opinion be certified to the Superior Court.

It is so ordered.

Error.                                                    *Venire de novo.*