FANNIE B. GOOCH ET AL. v. W. I. ADDISON.

No. 831.

1. **Registration—Instrument to be Recorded—Appointment of Substitute Trustee.**

The written appointment of a substitute trustee, who, by the terms of the trust deed, is to have the same "power and estate" in the lands conveyed in trust as are delegated to the original trustee, is an instrument in writing concerning lands authorized by the statute to be recorded.

2. **Parol Evidence of Written Instrument.**

For the purpose of testing the credibility and memory of the witness, one who heard or saw him make an affidavit contrary to what he has stated on the stand, may testify to that fact, without the production of the affidavit.

3. **Practice—Admission of Irrelevant Evidence—Harmless Error.**

The admission of irrelevant evidence which could not have prejudiced the complaining party, is not reversible error.

**4. Charge of Court—Immaterial Error—Issues.**

Where it is evident from the charge of the court and the record that the parties considered but one issue material in the case, all the evidence being directed to it, the attention of the jury being called to it, and it being the only issue submitted for determination,—a misstatement by the court in the introductory part of the charge of a matter having no relevancy to the main issue is not reversible error.

**5. Power of Sale—Notice.**

Where the notice of sale under a trust deed recited that default had been made, it was not defective in failing to state the amounts that had been paid on the notes.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Chas. I. Evans*, for appellant.—1. An appointment by the mortgagee or holder of a note secured by a deed of trust, is not such an instrument relating to lands as is authorized or permitted by the statute to be registered, and therefore a certified copy of such an instrument from the county clerk's office, is not evidence of such appointment. Rev. Stats. art. 4331.

2. The District Court erred in admitting in evidence the deed of conveyance by J. T. Dargan, trustee, to W. I. Addison, plaintiff, because the deed of trust under which the sale by said trustee purports to have been made, recites that the ten notes secured by it bore interest at the rate of twelve per cent. per annum, after maturity, and the deed offered and objected to recites that the sale made by said trustee was under a deed of trust given to secure ten notes which bore interest at the rate of ten per cent. after maturity; and it does not appear from evidence that such sale by said Dargan and the deed made in pursuance thereof, was by virtue of the trust deed put in evidence by the plaintiff. Fuller v. O'Neal, 69 Texas, 349.

3. The contents of a written instrument cannot be proved by parol, without accounting for the absence of the writing. Blair v. Finley, 75 Texas, 210; Clapp v. Engledow, 82 Texas, 290.

4. A charge which states an issue to the jury concerning which there is no testimony is erroneous. Railway v. Turney, 72 Texas, 315; Railway v. Platzer, 73 Texas, 124; Blanton v. Mayes, 58 Texas, 422; Cook v. Dennis, 61 Texas, 246.

*Kemp & Wharton*, for appellee.—A sale by a trustee is not void for a failure to give notice of the true amount due, and if indeed it is voidable, it can be set aside only in a direct proceeding for that purpose, and not in a suit of trespass to try title under a plea of not guilty. Until said sale is set aside the plaintiff showed the superior legal title and was entitled to judgment. Groesbeck v. Crow, 85 Texas, 200.

NEILL, ASSOCIATE JUSTICE.—This is an action in the ordinary form of trespass to try title, brought by the appellee against appellants, to recover lot 1 of block 96 of the city of Oak Cliff, Dallas County, Texas. The appellants (defendants below) plead not guilty. There was a verdict and judgment for appellee.

*Conclusions of Fact.*—1. The appellee claims the property under the following chain of title, viz: (1.) The parties agreed upon the Dallas Land and Loan Company as a common source of title. (2.) Deed from the Dallas Land and Loan Company to W. I Addison, dated May 30, 1889. (3.) Deed from W. I. Addison and wife to the defendant, Mrs. Fannie B. Gooch, dated May 30, 1889, reciting the consideration to be $315 cash, and one note for $700, due in one year, another for $800, due in two years, and a third for $3185, due in three years. (4.) Deed of trust from G. J. Gooch and wife, Fannie B. Gooch, to W. H. Prather, trustee, dated May 30, 1889, acknowledged by Gooch and wife June 5, 1889, and recorded in book 34, p. 233, deed of trust records of Dallas County, and reciting that it is given to secure to W. I. Addison on the payment of two notes, one for $700, due in one year, and one for $800, due in two years, with power of sale in the usual form. (5.) Another deed of trust from Gooch and wife to J. T. Dargan, dated July 17, 1891, to secure the payment to the Security Mortgage and Trust Company of ten promissory notes, one for $35.50, due December 1, 1891, and nine for $47.75 each, due respectively June 1 and December 1, 1892, June 1 and December 1, 1894, and June 1 and December 1, 1896. This deed of trust also recites that these notes are given for three per cent of the interest on one certain note for $3185 this day executed by G. J. Gooch, in favor of the Security Mortgage and Trust Company, due June 1, 1896. (6.) Certified copy from the deed records of Dallas County, Texas, of the appointment by W. I. Addison of A. C. Ardrey as substitute trustee in place of W. H. Prather, appointed in instrument No. 4 hereinbefore mentioned. (7.) Conveyance by A. C. Ardrey, as substitute trustee for Gooch and wife, to W. I. Addison, dated June 6, 1893, under the foregoing trust deed to W. H. Prather. (8.) Conveyance by J. T. Dargan, as trustee for Gooch and wife, to W. I. Addison, dated February 7, 1893, under the foregoing trust deed to J. T. Dargan.

2. The facts attending the sale of appellees to appellants, and affecting the former's purchase at the trustees' sales which maintain the verdict and are supported by the evidence, are substantially as follows:

Appellee owned a vacant lot in Oak Cliff which defendants agreed to buy, provided he would erect them a house on same to cost $3185, which appellee agreed to do. The title of this lot proving unsatisfactory, appellee exchanged it for the one in controversy, which he sold to appellants, agreeing to build them a house to cost $3185. He made them a deed in which the consideration recited was $315 cash, one note for $700, one for $800, and one for $3185; every one reciting that it was in part payment for this lot. He took two trust deeds, executed by Gooch and wife to Prather, one to secure the $700 and $800 notes, and one the $3185 note, in both of which it is stated that said notes are given as part purchase money of this lot. Addison sold the $3185 note, and when it was about due, Gooch had the Security Mortgage and Trust Company to take it up, and he and Mrs. Gooch substituted a new note

for like amount, due June 1, 1896, and secured by deed of trust to Dargan and ten interest bearing coupons on same secured by another deed of trust to Dargan.

Default was made in the payment of some of these coupon notes, and Dargan foreclosed, and at the sale, appellee, who still held the $700 and $800 notes became the purchaser. Later, default having been made in these two notes, Ardrey, as substitute trustee in place of Prather, at the instance of appellee, foreclosed the deed of trust, and Addison became the purchaser.

The $700 and $800 were for the purchase money of the lot, as stated in the deeds and notes. Only $427 on these two notes were paid. The $3185 note was for the house to be erected on the lot.

3. The house was built under a contract made by appellants with certain building contractors in whose favor orders were drawn by G. J. Gooch on the appellee for the contract price, which were paid by him to the extent of $3185, represented by the note for that amount. The lot was purchased by appellees with the intention of making it their homestead, they having none at the time, which was known by appellee at the time he made the sale of the lot and agreed to erect the house upon it.

There are other facts subsidary to these conclusions which will be more convenient for us to observe and consider in connection with our conclusions of law.

*Conclusions of Law.*—Appellants' first assignment of error is, that "the court erred in admitting in evidence over the objections of appellants the copy of the written appointment of A. C. Ardrey as substitute trustee for W. I. Addison, which was certified by the county clerk of Dallas County to be a true copy from the deed records of said county; because the law does not require or permit the registration of such an instrument, and it not being such an instrument as could be legally recorded, the certificate of the county clerk could not give such copy any validity or legal existence." It is a sufficient answer to this assignment to state the record shows that prior to the introduction of the certified copy, appellee offered in evidence the written agreement of appellants whereby they expressly waived its filing and notice thereof, and agreed that a certified copy of the instrument might be used in evidence, if desired, without affidavit of loss of the original. However, we do not think the objection, that the instrument is not such as is required or permitted to be recorded in the office of the county clerk, is good. The deed of trust to W. H. Prather, trustee, expressly authorized and empowered the holder of the two notes (who was the appellee), in the event of the failure or refusal of Prather to act—which event was proved—to appoint a substitute trustee in writing, without notice to appellants, who should have the same powers and estate delegated by the instrument to Prather. The appointment, then, of Ardrey was made in conformity to and under an express power conferred by the appellants,

and vested in him as substitute trustee the same powers and estate as were in the original trustee in the instrument. Therefore, that this appointment is an instrument of writing concerning lands such as article 4331, Revised Statutes, authorizes to be recorded, is a proposition too clear for argument. It was not objected on the trial that the instrument was not recorded in a book separate from those in which deeds or other conveyances are required to be recorded, nor is such objection found in the assignment. Therefore, the proposition under the assignment urging such an objection will not be considered.

Appellants' second assignment of error complains of the court's admitting in evidence, over their objections, the deed of conveyance made by J. T. Dargan, trustee, to W. I. Anderson, referred to in the eighth subdivision of our first conclusion of fact. The objection urged to its admission was, that the deed of trust under which the sale purports to have been made recites that the ten notes secured by it bore interest at the rate of 12 per cent. per annum, after maturity, and the deed recites that the sale made by said trustee was under a deed of trust given to secure two notes which bore interest at the rate of 10 per cent. after maturity; and it does not appear from the evidence that such sale by Dargan and deed made in pursuance thereof, was by virtue of the same trust deed put in evidence by appellee, but by virtue of some other trust deed not in evidence, and therefore no authority was shown for the sale made by Dargan, nor for the conveyance by him offered in evidence. There is the discrepancy mentioned in this assignment as to the rate of interest recited in the two instruments. But, notwithstanding this, it is apparent from a comparison of the recitals in the deed with the deed of trust, that the former was made under the power conferred in the latter, and that such recitals in the deed fully identify the deed of trust as the instrument under and by virtue of which the trustee Dargan made the sale and executed the deed the introduction of which is complained of. This deed correctly recites the date of the deed of trust, the names of the grantors, grantee and beneficiary, the volume and pages of the record, the number, date, amounts, and time of maturity of the promissory notes it is given to secure, and the description of the lot—the only discrepancy being the rate of interest as mentioned. The appellants, in stating the case in their brief, say themselves that appellee claims title under "conveyance by J. T. Dargan as trustee for Gooch and wife to W. I. Anderson, dated February 7, 1893, under the foregoing trust deed to J. T. Dargan," referring to the one mentioned in the fifth subdivision of our first conclusion of fact. Besides, in their written agreement, referred to by us in considering the first assignment, they expressly agree that a copy of the deed which is the subject of this assignment may be introduced in evidence by the appellee.

The appellants' third assignment of error is as follows:

"The District Court erred in permitting the witness D. E. Greer to testify in response to questions put to him by counsel for the plaintiff, that the defendant G. J. Gooch had represented to him, as attorney

for the Security, Mortgage & Trust Company, that the note for $3185 put in evidence was given for the purchase money of the premises in controversy, and that said representations were reduced to writing and sworn to by said G. J. Gooch; and in failing to expressly instruct the jury not to consider said testimony, and in failing to rebuke said witness for his swiftness in volunterring such answer; as is shown by bill of exceptions No. 3; because such testimony was clearly illegal, and the failure of the court to expressly tell the jury to disregard it, and to rebuke said witness, was calculated to and doubtless did prejudice the defendants and their cause in the minds of the jurors."

Before considering this assignment, we deem it proper to make a statement from the record of such matters in connection with it as are thought necessary to enable us to dispose of it properly. The witness D. E. Greer was the attorney of the Security, Mortgage & Trust Company, and acted for the company in the purchase of the $3185 note, which was made at the request of the appellant G. J. Gooch, with whom Mr. Greer conferred in regard to the nature and character of the note before the company he represented purchased it. On cross-examination, Mr. Gooch testified that he did not make a statement to Mr. Greer at the time the $3185 note was sold to the Mortgage & Trust Co. that it was a vendor's lien upon the property in controversy; that he told him and Mr. Dargan that the note was for the building; that he thought he made a statement to Mr. Greer that it was not a vendor's lien note. After Mr. Greer had testified for appellants, he was asked on cross-examination if G. J. Gooch had ever made any representation to him as to what the note for $3185 represented. To which he answered, seemingly without objection, "that Gooch represented to him that the note was given for the purchase money of his homestead in Oak Cliff." Thereupon counsel for appellee asked him if the statement or representation was ever reduced to writing and sworn to by Gooch; to which the witness immediately responded, before counsel for appellants could interpose an objection, "Yes, said statement was reduced to writing and signed and sworn to by Mr. Gooch." Counsel for appellants then interposed the objection that said testimony was incompetent, because the written instrument was the best evidence of its contents, and hearsay testimony of its contents inadmissible; and inasmuch as the witness had already answered the question as to the contents of the affidavit, moved the court to exclude the testimony of the witness relating to said instrument from the consideration of the jury, and to instruct them to pay no attention whatever to said testimony. Whereupon the trial judge remarked that he thought the written instrument itself the best evidence of its contents, and that the witness could only testify to the fact that the affidavit was made, but could not speak of its contents, but failed to instruct the jury expressly not to consider the testimony of the witness relating to said affidavit. The affidavit, if made, as well as its contents, was foreign to any issue involved in this case; the title to appellant did not depend upon the $3185 note being a vendor's lien on the

land, and was in no way connected with or affected by the question of such lien. Had it have been, and it had been sought to establish such lien by showing that Mr. Gooch had made affidavit to the fact of its existence, the affidavit would have been the best evidence, and secondary evidence inadmissible without accounting for its non-production. But, as the fact that such affidavit was made, as well as its contents, was not pertinent to any issue, the evidence was only admissible for the purpose of testing the credibility or memory of Mr. Gooch; and, to do this, it was not necessary to produce the affidavit, but it could be done by any one who heard or saw him make a statement contrary to what he stated on the stand as a witness. If the testimony had been pertinent to any issue involved, the objection to it made in appellant's second proposition under this assignment, that "the declaration or admissions of a husband adverse to the wife's claim of land are not admissible against the wife," would not be considered because not made on the trial. We fail to see any force in that part of the assignment which inveighs the court for not rebuking the witness. The testimony could not have prejudiced the jury against the appellants, or in any way affected them in finding their verdict.

Appellants' fourth assignment, in which it is insisted that the court erred in not instructing the jury at their request to return a verdict in their favor, is utterly void of merit, for there was testimony sufficient to warrant the jury in finding directly to the contrary, which they did.

It is urged in the fifth assignment that the court erred in instructing the jury that the appellee claimed under two sales, one made under deed of trust made by appellants to secure the $3185 note, when in fact it was under the one made to secure the interest on said note; because it gave undue promise to the fact that the $3185 note was still a lien on the premises. The statement by the court that appellee claimed through a sale made under the deed of trust referred to was incorrect, in that he claimed under no such sale. This statement, however, was made in the introductory part of the charge, and such sale was nowhere else mentioned or referred to, and no issue submitted to which it would have any pertinency or relevancy. It is apparent from evidence, the court's general charge, and the special charges asked by appellant, that the only material issue in the case was regarded by the parties to be whether the sale under the deed of trust made by appellants to Prather was valid. It was to this issue that the evidence was directed; to it the attention of the jury alone was called, and it was the only one submitted to their consideration for determination. In submitting this as the only issue, the charge was as favorable to appellants as could be, and the minds of the jury could not have been diverted from it, or the appellants in any way prejudiced by the mere statement of a fact in the introductory part of the charge which had no relevancy to such issue.

In the court's general charge the jury were instructed that if they believed from the evidence that the two notes for $700 and $800 were given for the purchase money for the lot in controversy, to find for the

appellee, unless they further believe from the evidence that Ardrey, the trustee, failed to give notice of the true amount due on these notes under the deed of trust, and such failure prejudiced the rights of appellants, and if they so believed to find for them. In the special charge given at the instance of appellants, the court instructed the jury that if they found there was a less sum due on the two notes at the time of the sale by Ardrey than the whole amount of the principal and interest, and the sale was advertised and made for the payment of a greater sum than was due appellee on the notes, to return a verdict for appellants. By the sixth assignment it is contended that the portion of the general charge quoted is erroneous, in that it cast the burden upon the appellants of proving that their rights were prejudiced by the advertisement and sale of their homestead for a greater sum than was due. In the seventh assignment the same part of the charge is complained of, upon the ground that it is in conflict with that part of the special instruction quoted. The objections made by these assignments to the charge will be considered in their order. The trustee was expressly authorized by the deed of trust, at the request of the holder of the note, to sell the property to the highest bidder for cash at the courthouse door in Dallas County, Texas, after advertising the time, place and terms of sale, and the property to be sold, by posting notices thereof on the bulletin board of the county courthouse in the County of Dallas for at least twenty days prior to day of sale. Default was made in the payment of the notes; and the notice of sale was not objectionable as misleading if it failed to mention the amount that had been paid on the notes, when it recited, in general terms, that default had been made. Jones on Mort., sec. 1852. The sale being made under and in conformity to the power, it was incumbent on the appellees to show such irregularities as would render it void. Jones on Mort., sec. 1907, 1830. It will be seen from this holding that the part of the special charge referred to in the seventh assignment is erroneous, but the error was provoked by appellants, and was in their favor, and because it did not work the injury appellants sought by it to the appellee, is no ground for a reversal of the judgment. Parties should not lead trial courts into error favorable to themselves, and then complain because they obtained no advantage over their adversary through such error.

The other assignments, with the exception of the tenth, raise the same questions that have been passed upon in those considered. The tenth complains of the court not granting a new trial upon the ground of newly discovered evidence. The paper claimed in the motion to be newly-discovered, if evidence at all, was not such as meets the requirements of the law to entitle it to be considered as newly-discovered evidence; besides, if it was evidence, it was merely cumulative.

There is no error assigned upon which the judgment should be reversed, and it is affirmed.

Delivered March 11, 1896.　　　　　　　　　　　　　*Affirmed.*

Writ of error refused.