## W. F. SWAIN AND WIFE v. JAMES R. MITCHELL.

### Decided October 30, 1901.

**1.—Trust Deed—Recitals in Deed of Trustee Prima Facie Evidence—Presumption.**

A trust deed provided that in any deed given by the trustee thereunder all statements of facts or recitals as to the nonpayment of the money due by the note secured, or as to notice of the time, place, and terms of sale having been duly published, or as to any other preliminary act having been done by the trustee, should be taken as prima facie evidence of such facts; and the deed by the trustee recited that whereas "the holder of said note has requested me, the said trustee, to sell said property," etc. Held, that inasmuch as the deed by the trustee was made to plaintiff, to whom the note was executed, and plaintiff is here asserting the title he obtained at the trustee's sale, it will be presumed that he was holder of the note and requested the sale; and the court also inclines to the opinion that the recitals in this respect make, by virtue of the terms of the trust deed, a prima facie case anyway.

**2.—Same—Notice of Trustee's Sale—Change of Statute.**

The Act of 1889 (Revised Statutes, article 2369) having provided that notice of sales of land under trust deed should be given as "now" required in judicial sales, the subsequent statute of 1895, requiring personal service of notice in making judicial sales, did not apply to sales under trust deeds, as to which

notice is still to be given in accordance with the statute governing judicial sales in 1889.

**3.—Same—Adoption of Revised Statutes—Laws Not Re-enacted.**

The adoption of the Revised Statutes of 1895 was not a re-enactment of the Act of 1889 so as to make the clause "as now required in judicial sales," apply to the statute of 1895 relating to notice of such sales, since it is provided that the adoption of the Revised Statutes shall be construed as a continuation of the statutes then in force, and not as new enactments of the same.

**4.—Same—Recitals Prima Facie Evidence—Notice of Sale.**

Where in the deed of trust it was provided that the sale "should be as under execution, in accordance with the laws of the State of Texas governing sales under deed of trust," and in the deed of the trustee it was recited that the land was sold "after having given public notice of the time, place and terms of such sale, by giving public notice as required by said trust deed," this was the statement of a fact, and not a conclusion of law, and the recital was prima facie evidence that the law as to notice was complied with.

**5.—Citation—Variance.**

A citation was not rendered void by a variance between the description of the property upon which foreclosure was sought as contained in the petition and that in the citation, where the only variance was that in the petition the property was described as on Corinth street, and in the citation as on Coruth street.

Error from Dallas. Tried below before Hon. J. J. Eckford.

*T. M. Stine* and *J. C. Patton,* for plaintiffs in error.

*Philip Lindsey,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by James R. Mitchell against W. F. Swain and his wife, Viola Swain, in trespass to try title to certain land in the city of Dallas. The trial was by jury and a verdict was instructed in favor of defendant in error.

Defendant in error claims the land through a trustee's deed made to him under and by virtue of a deed of trust executed by plaintiffs in error to secure a certain promissory note. In the deed of trust is the following provision: "And it is further and lastly specially agreed by the parties hereto that in any deed or deeds given by any trustee hereunder and any and all statements of fact or other recitals therein made as to the nonpayment of the money secured, or as to the time, place, and terms of sale and property to be sold having been duly published, or as to any other preliminary act or thing having been duly done by said trustee, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals state facts, and without further question shall be accepted as such." In the deed made by the trustee to defendant in error it was recited: "Whereas, default has been made in the payment of said indebtedness and James R. Mitchell, the holder of said note has, since said default, requested me, the said trustee, to sell said property in accordance with the provisions of said trust deed, for the purpose of paying said indebtedness; and whereas, pursuant to said request and to the provisions of said trust deed, I pro-

ceeded to sell said property at public auction at the courthouse door of Dallas County, Texas, between the hours of 10 o'clock a. m. and 4 o'clock p. m., on Tuesday, the first day of August, 1899, after having given public notice of the time, place and terms of such sale, by giving notice as required by said trustee's deed." The foregoing recitals were the only evidence of compliance with the law and terms of the trust deed in making the deed, and it is insisted by plaintiffs in error that the proof is insufficient, because it was not shown that the request to sell was made by the holder of the note, or that personal notice was given to the makers of the trust deed.

The deed of the trustee was made to defendant in error, to whom the note was executed, and he is defending the title that he obtained at the trustee sale, and that would raise the presumption that he was the holder of the note, and requested the sale of the property. We are inclined to the opinion that the recitals in the deed made by the trustee would, under the provisions of the deed of trust, have made a prima facie case anyway.

Under an act passed in 1889, now article 2369, Sayles' Statutes, it was provided that all sales of real estate made in this State under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated, and that "notice shall be given as now required in judicial sales." That law has not been changed or amended. At the time the law in question was enacted the law as to judicial sales did not require the service of a notice of sale on the defendant in execution, and no such requirement existed until 1895, when the present law was enacted. The law as to sales under trust deeds was not changed to conform to the requirements of the amendment of 1895, and the requirements of the law as to judicial sales as it existed in 1889 must be looked to in ascertaining the notice that should be given of a sale under a trust deed. Had the language of the Act of 1889 been "notice shall be given as required in judicial sales," the statute as to judicial sales in effect at the time of sale under the trust deed would prescribe the method of giving notice, but the language confines the notice to such as is "now required," that is, at the time of enactment of the law. It can not be maintained that there was a re-enacment of the law by the adoption of the Revised Civil Statutes in 1895, for in the act adopting them it is provided "that the provisions of the Revised Statutes, so far as they are substantially the same as the statutes in this State in force at the time when the Revised Statutes shall go into effect, or the common law in force in this State at said time, shall be construed as continuations thereof, and not as new enactments of the same."

In the deed of trust it was provided that the sale should be as under execution, in accordance with the laws of the State of Texas governing sales under deed of trust, and in the deed of the trustee it is recited that the land was sold "after having given public notice of the time,

place, and terms of such sale, by giving public notice as required by said trust deed." This was the statement of a fact, and not a conclusion of law, and the recital was prima facie evidence that the law as to notice was complied with.

There is no merit in the contention that W. F. Swain was not properly cited. A variance between the description of the land in the petition and that in the citation did not render the citation void. Cave v. City of Houston, 65 Texas, 619. The only variance complained of is that the land was stated in the petition to be situated in Dallas on "Corinth" street, while in the citation it was stated to be on "Caruth" street. The description of the land in other respects was the same in both instruments.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.