McCOLLUM v. JONES et al.†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 25, 1911. Rehearing Denied Dec. 16, 1911.)

1. MORTGAGES (§ 333*)—TRUST DEEDS—SALE.

A trustee must strictly follow the provisions of the trust deed in making a sale thereunder; his powers being wholly derived therefrom.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1013; Dec. Dig. § 333.*]

2. MORTGAGES (§ 342*) — TRUST DEEDS — VALIDITY OF PROVISIONS — SUBSTITUTION OF TRUSTEE.

A trust deed provided that, if the named trustee failed or refused to act or became disqualified, the legal holder of the secured note could appoint, by writing, a substituted trustee with the same powers, and that the deed given by the trustee or his successor shall be prima facie evidence of the truth of the recitals therein, of default in payment, of the request of the trustee to sell, the advertisement of the sale, and proceedings, and any facts authorizing the substitute trustee to act. Held, that the provision was valid.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 342.*]

3. MORTGAGES (§ 341*)—TRUST DEEDS—FORECLOSURE—EVIDENCE.

Evidence held to show a valid sale under a trust deed by a duly authorized substituted trustee.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 341.*]

4. MORTGAGES (§ 359*)—FORECLOSURE—SALE—LAND SOLD.

A trustee under a trust deed was not bound to first sell that part of the land covered by the deed in which a purchaser from the mortgagor before foreclosure owned no interest, at least in the absence of request from such purchaser.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1074; Dec. Dig. § 359.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by H. R. Jones and another against F. L. McCollum and others. From a judgment for plaintiffs, defendant named appeals. Affirmed.

Davis & Thomason, for appellant. Stuart, Bell & Moore, for appellees.

SPEER, J. Appellees Jones and Bluhm instituted this suit in the district court of Cooke county to recover from appellant McCollum and others 324.5 acres of land. The defendant McCollum alone made defense, and upon final trial there was a judgment upon an instructed verdict for plaintiffs, and McCollum has appealed.

Under the contention that the instruction was erroneous, appellant insists there was "evidence tending to show that G. G. Thomas, trustee in the mortgage, to secure F. M. Savage had not been in good faith requested to execute the deed of trust; that he had not refused to execute the same; that the appointment of H. L. Stuart as substitute trustee was unauthorized, and the said

---

Stuart was not a disinterested, impartial, and suitable person to act as substitute trustee."

[1] It, of course, is true that the power of a trustee named in a deed of trust to make sale for the parties is derived wholly from the instrument of trust, and that its terms must be strictly followed in exercising the power. The title of appellees was derived through a sale made by H. L. Stuart as substitute trustee in lieu of G. G. Thomas, trustee named in the mortgage. The deed of trust stipulated that if said Thomas from any cause whatever should fail or refuse to act, or become disqualified from acting, as such trustee, then said Savage or other legal owner or holder of said note should have the power to appoint a substitute in writing, who should have the same powers as those delegated to said Thomas. It also contained the further recital that "the deed which shall be given by said trustee or his successor to the purchaser at such sale shall be prima facie evidence of the truth of all the recitals therein, of the default in the payment of said note, or of any interest due thereon, of the request of said trustee to sell, the advertisement of such sale, the proceedings at such sale, the facts, if any, authorizing the substitute to act in the premises and of everything necessary to the validity of such sale."

[2] There appears to be no reason why parties may not make such stipulations in their contracts if they choose, and, indeed, it has been so held. Swain v. Mitchell, 27 Tex. Civ. App. 62, 66 S. W. 61. In addition to these stipulations, the appellees introduced in evidence an instrument signed and acknowledged by G. G. Thomas, stating that he had refused and declined to act as trustee under the deed of trust, and also an instrument signed by F. M. Savage and R. R. Bell, reciting that Thomas had refused in writing to act as trustee, and that the signers had appointed H. L. Stuart as substitute trustee, and that R. R. Bell was the owner of the note secured.

[3] The prima facie case made by the substitute trustee's conveyance, especially when strengthened by the other evidence referred to, becomes conclusive in the absence of testimony tending to show some irregularities in the sale. We have carefully examined the evidence, and find no such testimony.

[4] It is next insisted that it was the duty of Stuart, the substitute trustee, to sell first that part of the land embraced in the mortgage in which appellant owned no interest, and that since the substitute trustee did not do so, but sold the entire tract in bulk, the court erred in the instruction. It may be, we need not decide, that upon a proper request at the time on the part of appellant the substitute trustee should have sold first

that portion of the land retained by appellant's vendor, but it is a sufficient answer to this contention to say that no such request was made. Besides, there is no contention in the brief, nor would the record warrant such contention, that the land would have brought more when sold in separate tracts than it did bring, which appears to be approximately the amount of the indebtedness secured. National Loan & Investment Co. v. Dorenblaster, 30 Tex. Civ. App. 148, 69 S. W. 1019.

We find no error in the judgment, and it is affirmed.