## MORTIMER v. WILLIAMS. (No. 9104.)

(Court of Civil Appeals of Texas. Dallas.
April 12, 1924. Rehearing Denied
May 10, 1924.)

**1. Mortgages ⚌333—Trust deed held to give power of sale.**

Recitals in deed of trust *held* to give trustee a valid grant of power to sell the property.

**2. Evidence ⚌383(7)—Unrebutted recitals in trustee's conveyance to purchaser held prima facie proof of their own truth.**

Where deed of trust, conferring power of sale on trustee, expressly provided that recitals in trustee's conveyance should be full evidence of their truth, trustee's conveyance, reciting default in payment, request by owner to enforce trust, and notice of time, place, and terms of sale, being unrebutted, was prima facie proof of truth of its recitals.

**3. Mortgages ⚌354—Notice of sale of property by trustee held sufficient.**

Trustee's notice of sale of property, reciting date of trust deed, grantor's and trustee's names, date of recording, and that to satisfy indebtedness secured thereby sale would be made at time and place specified, *held* sufficient compliance with Vernon's Ann. Civ. St. Supp. 1918, art. 3759, and terms of the trust deed.

**4. Trespass to try title ⚌38(1)—Burden of proof in action by purchaser under trustee's sale stated.**

In trespass to try title, plaintiff, as purchaser from a trustee, having shown a sale in conformity to the power conferred in the deed of trust, defendant was required to prove irregularities rendering sale void.

**5. Trespass to try title ⚌40(5)—Defendant attacking validity of trustee's sale, deed of trust, and trustee's deed held admissible.**

Where defendant attacked validity of sale to plaintiff under deed of trust, deed of trust containing agreement that recitals in trustee's conveyance should be full evidence of their truth against him, and trustee's deed, were admissible.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Wade H. Williams against W. C. Mortimer. Judgment was entered on a directed verdict for plaintiff, and defendant appeals. Affirmed.

Muse & Muse, of Dallas, for appellant.
Church, Read & Bane, of Dallas, for appellee.

VAUGHAN, J. Appellee instituted this suit in the form of an action of trespass to try title to be adjudged to have title to and entitled to the possession of lot 2, block 16, Junius Heights addition to the city of Dallas, according to map recorded in volume 1, p 115, Map Records of Dallas county, Tex.

Appellant answered with plea of not guilty, and specially pleaded the invalidity of the deed of trust and sale thereunder, as well as the invalidity of the notice of the trustee's sale and of the trustee's deed under which the appellee acquired the title asserted by him to said property.

Under peremptory instructions the jury rendered a verdict in favor of appellee for the premises in controversy and the sum of $715 as the reasonable rental value of same from the 10th day of March, 1922, to the 13th day of February, 1923, on which verdict the judgment appealed from was rendered.

The correctness of the judgment, as well as the proceedings leading up to same, is questioned by the following points, supported by appropriate assignments of error: (a) The court erred in admitting in evidence, over appellant's objection, the deed of trust and trustee's deed under which appellee claims to have deraigned the title asserted by him; (b) there was no valid grant of power to the trustee to sell under the deed of trust; (c) that the trustee's deed was without warrant of power under the deed of trust, and there was no proof of compliance by the trustee with the terms of the trust deed, if valid, in making the sale; (d) that, if the deed of trust contained a valid grant of power to sell, there was no proof of any due advertisement thereunder of default or request to sell; (e) that the advertisement of sale under said deed of trust introduced in evidence was not a valid or legal advertisement or notice under said deed of trust, and wholly failed to show on the face thereof the amount of indebtedness sued for, and failed to recite that said deed of trust referred to in the notice was of record in the deed of trust records of Dallas county, Tex.

It was established that Mabel Williams was the common source of title to the property in controversy; that said Mabel Williams and her husband, Wade H. Williams, by their deed of date March 12, 1920, conveyed said property to appellant in consideration of $8,100, paid and secured to be paid by appellant as follows: $1,500 cash, and the execution and delivery of his three certain promissory notes, each of date March 12, 1920, payable to the order of appellee, one for $3,500, due two years after date, one for $2,600, payable in monthly installments of $100 each, the first installment due and payable on or before the 12th day of April, 1920, and one note for $500, due 90 days after date, each providing for interest at the rate of 8 per cent. per annum from date, in which the vendor's lien was retained to secure the payment of said notes; that said deed was recorded on the 23d day of April, 1920, in volume 832, p. 35, Deed Records of Dallas county; that the note for $500 was further secured by deed of trust executed

and delivered by appellant to L. W. Yockey as trustee, conveying title to said property in trust to said Yockey for the use and benefit of appellee as owner and holder of said note, said deed of trust being of date March 12, 1920, filed for record December 10, 1920, and duly recorded in volumn 736, p. 239, Deed of Trust Records of Dallas county.

Appellant executed a deed of trust dated March 12, 1920, to L. W. Yockey, trustee, conveying to him in trust the property involved to secure the payment of the note for $2,600, and a similar deed of trust dated March 12, 1920, was executed to secure the payment of the note for $3,500, both of which were properly recorded March 27, 1920; that said deeds of trust were in like form and language as the deed of trust securing the note for $500, in so far as all the powers conferred upon the trustee were concerned. The trustee's sale involved on this appeal was had under the deed of trust securing the $500 note, at which, on a bid of $500, appellee became the purchaser, and, as such, received a deed of conveyance to the property described in said deed of trust properly executed by said Yockey as trustee, dated February 7, 1922; that appellee was the owner of the note for $500 secured by the deed of trust under which said sale was made; that the reasonable rental value of said property was $65 per month.

[1] Was there a valid grant of power to sell given to the trustee? The recitals in the deed of trust in question intended to confer such power are as follows:

"It shall thereupon, or at any time thereafter, the same or any part thereof, remaining unpaid, be the duty of the said party of the second part herein, and of his successor or substitute as hereinafter provided, on the request of the said party of the third part, or other holder of the indebtedness hereby secured, or any part thereof (which request is hereby presumed) to enforce this trust; and, after advertising the time, place, and terms of the sale of all the above conveyed and described property for at least 20 days successively next before the day of sale, by posting up written or printed notices thereof at three public places in such county where said real estate is situated, one of which shall be at the courthouse door of such county, which notices may be posted by the trustee acting or by any other person, to sell the same in accordance with such advertisement, at public auction, in front of the door of the courthouse of Dallas county, in the state of Texas, on the first Tuesday in any month, between the hours of 10 o'clock a. m. and 4 o'clock p. m. to the highest bidder for cash, selling all the property above conveyed as an entirety or in parcels, as the trustee acting may elect, and make due conveyance to the purchaser or purchasers, with general warranty, binding the said party of the first part herein and his heirs and assigns; and out of the money arising from such sale the trustee acting shall pay, first, all the expenses of advertising, sale, and conveyance, including a commission of 5 per cent. to himself; and then to the said party of the third part, or any other holder thereof, the full amount of principal, interest, and attorney's fees due and unpaid on said indebtedness as hereinbefore set forth, rendering the balance of the purchase money, if any, to the said party of the first part, his heirs or assigns; and said sale shall forever be a perpetual bar against the said party of the first part, his heirs and assigns."

For what purpose was the above language employed? That is, what was to be understood by the use of same in reference to the trust that was created by the instrument of which this language formed a part? The terms employed do not appear to be doubtful of meaning or uncertain as to the purpose for which they were used, but impress us as being comprehensive as to the purpose to be accomplished, and plain, in that the terms are not involved but are explicit as to the rights and powers thereby conferred, as well as the manner in which same should be observed.

It is not difficult to ascertain that the following powers were conferred: That upon default in payment of the indebtedness the trustee should proceed to enforce the trust by the following proceedings (a) "by advertisement of the time, place, and terms for at least 20 days successively next before the day of sale by posting up written notices thereof at three public places in the county where the real estate is situated, one of which shall be posted at the courthouse door of such county"; and, after such notice, (b) "to sell the same in accordance with such advertisement in front of the door of the courthouse of Dallas county, Tex., on the first Tuesday of any month between the hours of 10 o'clock a. m. and 4 o'clock p. m. to the highest bidder for cash, and, after such sale, to execute a conveyance to the purchaser." We therefore hold that there was valid grant of power to sell given the trustee by the recitals in the deed of trust. Hyman v. Devereux, 63 N. C. 624; Pemberton v. Simmons, 100 N. C. 316, 6 S. E. 122; 27 Cyc. p. 1102, § 8.

[2] The deed of trust under which this foreclosure was made provided as follows:

"It is expressly agreed that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be conclusively presumed to have been performed, and such sale and conveyance shall be conclusive against the party of the first part herein, his heirs and assigns, whether such prerequisites shall have been performed or shall not have been performed."

The deed from the trustee Yockey to appellee recited "* * * and default having been made in the payment of the indebtedness, * * * and having been requested by the owner of the indebtedness to proceed to enforce said trust, * * * aft-

er having given notice of the time, place, and terms of said sale by posting written notices at three public places in the county of Dallas, one of which was at the courthouse door of said county, for more than 21 days prior to the day of said sale. * * *" This recital being unrebutted. was prima facie proof of default in payment of the indebtedness of the request of the holder to the trustee to sell, and that due notice of the time, place, and terms of such sale had been made as required by law and in accordance with said deed of trust. Adams v. Zellner, 107 Tex. 653, 183 S. W. 1143; Roe v. Davis, 106 Tex. 537, 172 S. W. 708; Southerland Lbr. Co. et al. v. Boyd et al. (Tex. Com. App.) 244 S. W. 119; Swain v. Mitchell, 27 Tex. Civ. App. 62, 66 S. W. 61; McCreary v. Reliance Lbr. Co., 16 Tex. Civ. App. 45, 41 S. W. 485; Jesson v. Texas Land & Loan Co., 3 Tex. Civ. App. 25, 21 S. W. 624; Allen v. Courtney, 24 Tex. Civ. App. 86, 58 S. W. 200.

[3] Appellant contends that the notice is insufficient, in that it failed to state the amount of the indebtedness, and failed to recite that the deed of trust referred to was of record in the deed of trust records of Dallas county, Tex., and because it failed to give the volume and page where the deed of trust was recorded. The notice of sale gave the date of the deed of trust, the name of the grantor and the trustee, and recited that the deed of trust was filed for record on the 10th day of December, 1920, and stated that the undersigned as trustee, "in order to satisfy the indebtedness secured thereby, and at the request of the holder of said indebtedness, default having been made in the payment thereof, will sell, on Tuesday, February 7, 1922, that being the first Tuesday in said month, at public auction, to the highest bidder for cash, before the courthouse door of Dallas county, Tex., between the hours of 10 o'clock a. m. and 4 o'clock p. m. on that day, the following-described property. * * *"

[4] It is our opinion that the notice of sale so given by the trustee was in every respect a sufficient, valid, and legal notice, and not subject to the criticism urged, in that same was in compliance with the terms of the deed of trust to which same related, as well as in conformity with the laws of the state of Texas governing trustees' sales of real estate. Article 3759, V. S. T. C. S. 1918 Sup.; 27 Cyc. p. 1466, § 2; Gooch v. Addison, 13 Tex. Civ. App. 76, 35 S. W. 83. The sale having been made under and in conformity with the power conferred by the deed of trust, it was incumbent upon appellant to show such irregularities as would render it void. Jones on Mortgages, §§ 1830-1907. No evidence was offered in this respect or upon this phase of the case by appellant.

[5] Appellant's assignment, based on the admission of the deed of trust in evidence, cannot be sustained. This instrument contained an agreement as to the effect to be given certain proceedings thereunder as evidence when included as recitals in the trustee's deed executed by virtue of the powers conferred by said deed of trust. Therefore appellant was not in position to object to the admission of his agreement as to evidence thus made. McKarsie et al. v. Citizens' Bld'g & Loan Ass'n et al. (Tenn. Ch App.) 53 S. W. 1007. And the recitals in the trustee's deed were admissible to show compliance by the trustee with the requirements of the deed of trust in making the sale. Jesson v. Texas Land & Loan Co., supra. Therefore the court did not err in overruling appellant's objections to the introduction of said instruments in evidence.

Finding no error in the proceedings had in the court below, its judgment is affirmed.

Affirmed.