Jimmie Cunningham and W. W. Farmer, Jr., both of Graham, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for driving an automobile upon the public highways while intoxicated; punishment is assessed at confinement in the county jail for five days and a fine of $50.

The recognizance appearing in this record is wholly insufficient. It does not bind the appellant to do anything. It neither mentions the offense for which he was convicted or the court in which conviction was had, etc. Consequently, the appeal in this case must be dismissed. See Jenkins v. State, 86 Tex.Cr.R. 266, 216 S.W. 183; Hurt v. State, 92 Tex.Cr.R. 347, 243 S.W. 989; Wheat v. State, 78 Tex.Cr.R. 431, 181 S.W. 727; Art. 831, C. C. P.

The appeal is dismissed.

### COCHRAN et al. v. WILLIAM M. RICE INSTITUTE FOR ADVANCEMENT OF LITERATURE, SCIENCE AND ART.

No. 3333.

Court of Civil Appeals of Texas. Beaumont.

Dec. 26, 1938.

Rehearing Denied Dec. 29, 1938.

Jas. G. Barker and Synnott & Smith, all of Jasper, for appellants.

Cooper K. Ragan, of Houston, and E. A. Lindsey, of Newton, for appellee.

O'QUINN, Justice.

This was a suit in trespass to try title to the Martin B. Lewis 320 acre survey of land in Newton County, Texas, brought by the appellee, William M. Rice Institute for the Advancement of Literature, Science and Art, a corporation, against Elzy Cochran, and a great number of other defendants, and certain unknown heirs of a number of alleged deceased persons, and against a number of persons alleged to be non-residents of the State of Texas.

Appellee plead that it had a complete chain of title from the sovereignty of the soil under and through deeds and other instruments duly recorded in the office of the County Clerk of Newton County, Texas. It also asserted title to the land under the three, five, ten and twenty five year statutes of limitation. Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519.

The law firm of Synnott & Smith filed answers consisting of general demurrer, general denial and plea of not guilty for defendants Elzy Cochran and his unknown heirs, Mrs. Elzy Cochran and her unknown heirs, Mary Cochran and her unknown heirs, and certain other defendants who were personally served with citation. W. J. Rutledge filed answer for John Nash Sutton, and 35 other defendants (there are so many parties defendants we forego enumerating them) consisting of general demurrer, general denial and plea of not guilty. Numerous other defendants not having answered by an attorney of their choosing and having been served with citation by publication, the court appointed Hon. James G. Barker to represent them. He answered by general demurrer, general denial and plea of not guilty.

Defendant G. T. Sutton filed a disclaimer.

The cause was tried to a jury upon special issues upon their answers to which judgment was rendered for appellee.

There are many interesting and well briefed questions in the briefs of the parties, but as the court submitted only one question (the issue of five year limitation), which the jury answered in favor of appellee, we shall not discuss any other propositions.

We overrule appellants' assignment that the court erred in refusing their request for an instructed verdict. Several issues of fact were raised by the pleadings and evidence, and the submission to the jury was correct.

The court, in proper form, submitted seven special issues to the jury relating to

appellee's claim of title to the land in controversy under the five year statute of limitation, in answer to which they found: (a) That appellee, through its tenant or tenants had held peaceable and adverse possession of the land, cultivating, using and enjoying same for five successive years from and after March 17, 1908, and prior to the filing of this suit, claiming the land under a deed or deeds duly registered; (b) that the taxes on the land for the year 1908 were paid by appellee before February 1, 1909; (c) that the taxes on the land for the year 1909 were paid by appellee before February 1, 1910; (d) that the taxes on the land for the year 1910 were paid by appellee before February 1, 1911; (e) that the taxes on the land for the year 1911 were paid by appellee before February 1, 1912; (f) that the taxes on the land for the year 1912 were paid by appellee before February 1, 1913; (g) that the taxes on the land for the year 1913 were paid by appellee before February 1, 1914. On these findings judgment was rendered for appellee for the land.

Pretermitting a discussion of appellee's chain of title from the sovereignty of the soil, we shall discuss the five year limitation title on which it recovered judgment.

■ Appellee offered in evidence a deed from A. G. Wells to William M. Rice, dated January 10, 1883, conveying the land in controversy (the Martin B. Lewis 320 acre survey in Newton County, Texas). This deed was duly recorded in the Deed Records of Newton County, Texas, May 9, 1884. Appellants objected to the admission of said deed because the same did not contain a sufficient description of the land. The assignment against its admission is overruled. While the deed did not contain a description of same by metes and bounds, it did contain a reference to another deed (the deed conveying the land to Wells) which was of record and described the land by metes and bounds.

■ This land was conveyed by will of William M. Rice to appellee, said will being duly probated and placed of record. The will and charter of appellee were in evidence. On March 17, 1908, appellee entered into a lease contract with one D. J. Holland whereby it leased to him the 320 acres of land in controversy, specifically describing same by metes and bounds. This lease was recorded in the Deed Records of Newton County, Texas, March 18, 1908. Under this lease Holland took possession of the land as the tenant of appellee residing thereon, cultivating a portion of same and generally looking after and protecting same from trespassers until sometime in April, 1913. The jury found that the taxes for five years after March 17, 1908, the date that Holland as tenant of appellee took possession of the land, had been paid each year to and including 1913, before any of same became delinquent. Appellants contend that the taxes on the land for the year 1913 were not paid. This contention arises from the fact that the rendition of said property for 1913 shows:

| "Abs. Co. | Grantee | Acres | Value | Taxes |
|---|---|---|---|---|
| 276 | M. B. Lewis (Timber) | 320 | 800 | 89.63" |

From this, they say, the tax was not paid on the land but only on the timber. Arthur B. Cohn, Assistant Secretary of appellee, and who had charge of the payment of taxes on property of appellee, testified that he paid the taxes on the land from 1893 to 1937, and that he paid the taxes on the 320 acre M. B. Lewis survey for 1913 prior to February 1, 1914. He testified that in rendering the land for that year he noted on the rendition list "timber cut" and that the notation of "timber" on the receipt was a clerical error—and that after the sale of the timber the valuation of the property was reduced from $2000 to $800, the valuation shown on the receipt. He testified that the timber on the land was sold to Miller-Link Lumber Company in 1910. F. V. Young, Tax Collector for Newton County, testified that the valuation of the M. B. Lewis survey on the assessment rolls showed for 1912, $800; 1913, $800; 1914, $800, and that the delinquent rolls for 1913 did not show any delinquent taxes against the M. B. Lewis tract. The jury found that the taxes on the land for 1913 were paid before February 1, 1914. The evidence supports the finding.

■ Appellants by appropriate assignments challenge the finding of the jury that appellee had held peaceable and adverse possession of the land by and through its tenant or tenants for five consecutive years after March 17, 1908, as without support in the evidence. The assignments are overruled. The record supports the finding.

■ But appellants insist that it being a contested fact as to the continuous hold-

ing and being in possession by Holland, tenant of appellee, that the court committed reversible error in admitting in evidence a photostatic copy of an affidavit made by Allen Odom, a witness for appellants. He had testified that to his knowledge Holland at several times was away from the premises, not residing on same for several months at a time. This was contrary to the testimony of Holland, and in conflict with the statement of facts in an affidavit made by Odom at the instance of appellee. The photostatic copy of the affidavit was offered to impeach Odom's testimony for appellants. The error asserted is that no proper predicate for the introduction of the copy was made, and no showing made accounting for the non-production of the original. The assignment is overruled. The affidavit was not the basis of appellee's suit, but was merely proof of a collateral fact. Therefore it was not necessary to account for the original. Heidenheimer v. Beer, Tex. Civ.App., 155 S.W. 352, 355, writ refused. For the sole purpose of testing the credibility of a witness, one who heard or saw him make an affidavit contrary to what he has stated on the stand may testify to that fact without the production of the affidavit. Gooch v. Addison, 13 Tex.Civ. App. 76, 35 S.W. 83, writ denied. Furthermore, the photostatic copy of the affidavit was identified as an exact copy of the original affidavit by B. B. Fuller who saw Odom sign the affidavit and who swore him to same. Fuller fully testified as to the statements made to him by Odom which formed the contents of the affidavit. There can be no question of this testimony being admissible as against the "best evidence" rule.

In behalf of the defendants cited by publication, error is assigned as to the admission of the deed from Wells to William M. Rice conveying the land involved over the objection that the deed had not been filed among the papers in the case and three days' notice given. There is in the record an agreement by counsel for all other defendants that the record might be read from in introducing title papers. But counsel for defendants cited by publication was not then representing such defendants and after he was appointed he gave notice that for his clients he would not waive the rule. When the deed was offered he made his objection and same was overruled and the deed ad-mitted. If this could be said to be error, it was cured when later a certified copy of the deed was admitted in evidence without objection.

Appellants assign error against the Court's admitting in evidence, over their objection, a "purported" patent from the state to M. B. Lewis to the land in controversy. The objection to the patent was that it was not signed by any officer, conveyed no right, and therefore was not admissible. The patent was regular in every particular, except that it was not signed by anyone. It was recorded in the Patent Records of the General Land Office. Without passing upon its validity as a patent from the state, we will say that the record contains a certified copy of Bounty Warrant issued by the Secretary of War of the Republic of Texas, on May 16, 1838, to M. B. Lewis for military service, entitling him to 320 acres of land, which was duly approved and filed in the Land Office of said Republic. By virtue of this certificate, 320 acres of land (the tract in controversy) was duly located, surveyed and field notes recorded in Newton County, September 26, 1838, and also returned to and recorded in the Land Office. The "purported" patent was dated October 8, 1846, and numbered 175 and recorded in the Land Office. The Bounty Warrant giving the right to the owner to select 320 acres of land, the location and survey of the land by virtue of this warrant, the return, approval of and recording the field notes in the General Land Office, segregated the 320 acres from the public domain, and vested the equitable title in M. B. Lewis, and that was sufficient title and basis to his successor in that right to maintain this suit and plead and prove his title to the land by the five year statute of limitation, which it did, and the finding of the jury on peaceable and adverse possession, and possession by virtue of a deed duly recorded and the due payment of taxes for five years prior to the filing of the suit being amply supported by the evidence, the judgment for appellee was correct.

Appellee having correctly had judgment for title to the land involved under the five year statute of limitations, renders all other questions immaterial. Poteet v. W. T. Waggoner Estate, Tex. Civ.App., 96 S.W.2d 405. The judgment is affirmed.